MICHAEL RATLIFF-EL, Plaintiff-Appellant, v. KENNETH R. BRILEY, Defendant-Appellee.

Third District   No. 3—01—0727

Opinion filed May 2, 2003.

Michael Ratliff-El, of Pontiac, appellant *pro se.*

Lisa Madigan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Richard S. Huszagh, Assistant Attorney General, of counsel), for appellee.

PRESIDING JUSTICE McDADE delivered the opinion of the court:

Michael Ratliff-El filed a complaint for *mandamus* relief (735 ILCS 5/14—101 *et seq.* (West 2000)) naming Kenneth R. Briley, warden of the Stateville Correctional Center, as the defendant. The trial court granted the defendant's motion to dismiss under section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 2000)). On appeal, Ratliff-El argues that the trial court erred by dismissing his complaint because it stated a cause of action for *mandamus* relief. We affirm.

## BACKGROUND

Ratliff-El is a prisoner at Stateville. In his complaint, Ratliff-El contended that the defendant had a clear duty to follow the Illinois Administrative Procedure Act (Act) (5 ILCS 100/1—1 *et seq.* (West 2000)) during adjustment committee and grievance proceedings at Stateville. As a result of such proceedings, Ratliff-El had been disciplined with revocation of good-time credits. Ratliff-El submitted that he was entitled to *mandamus* relief because the defendant had failed to follow Act procedures. He also alleged that the defendant's failure to follow Act procedures violated his "rights."

The defendant filed a section 2—615 motion to dismiss Ratliff-El's *mandamus* complaint for failure to state a cause of action. In his motion to dismiss, the defendant argued that the Act does not apply to adjustment committee and grievance proceedings conducted by the Department of Corrections (DOC). The trial court granted the defendant's motion to dismiss and Ratliff-El appealed.

## ANALYSIS

### Motion to Dismiss *Mandamus* Action

### A. DOC Duty to Follow Act Procedures

Ratliff-El argues that a state agency must follow Act procedures in "contested cases." He reasons that because the DOC is a state agency, and adjustment committee and grievance proceedings meet the statutory definition of "contested cases," the defendant has a clear duty to follow Act procedures in DOC adjustment committee and grievance proceedings. He contends that the trial court erred in granting the defendant's motion to dismiss his *mandamus* cause of action.

The defendant asserts that the Act contains a "grandfathering" clause (5 ILCS 100/1—5(a) (West 2000)) which exempts a state agency from using Act procedures when the agency had adjudicatory hearing rules in place on July 1, 1977. The defendant contends that the DOC had such adjudicatory hearing rules in place prior to July 1, 1977. The defendant submits that because the Act does not apply to DOC adjustment committee and grievance proceedings, the defendant has no duty to follow Act procedures. The defendant concludes, therefore, that Ratliff-El did not state a cause of action for *mandamus* relief. We agree with the defendant.

■ A section 2—615 motion to dismiss attacks the legal sufficiency of a complaint and presents the issue of whether the complaint states a cause of action upon which relief can be granted. 735 ILCS 5/2—615 (West 2000); *Weiss v. Waterhouse Securities, Inc.*, 335 Ill. App. 3d 875, 781 N.E.2d 1105 (2002). The standard of review for granting a section

2—615 motion to dismiss is *de novo*. *Krilich v. American National Bank & Trust Co. of Chicago*, 334 Ill. App. 3d 563, 778 N.E.2d 1153 (2002).

■ A writ of *mandamus* is an extraordinary remedy that may be used only to compel a public official to perform a nondiscretionary ministerial duty. *Caruth v. Quinley*, 333 Ill. App. 3d 94, 775 N.E.2d 224 (2002). A complaint seeking a writ of *mandamus* must allege facts that establish (1) a clear right to the relief requested; (2) a clear duty of the defendant to act; and (3) the clear authority of the defendant to comply with the writ. *Southern & Central Illinois Laborers' District Council v. Illinois Health Facilities Planning Board*, 331 Ill. App. 3d 1112, 772 N.E.2d 980 (2002).

■ Section 1—5(a) of the Act states as follows:

"[The Act] applies to every agency as defined in [this act]. Beginning January 1, 1978, in case of conflict between the provisions of [the Act] and the Act creating or conferring power on an agency, [this act] shall control. If, however, an agency *** has existing procedures on July 1, 1977, specifically for contested cases ***, those existing provisions control, except that this exception respecting contested cases *** does not apply if the Act creating or conferring power on the agency adopts by express reference the provisions of [this act]. Where the Act creating or conferring power on an agency establishes administrative procedures not covered by [this act], those procedures shall remain in effect." 5 ILCS 100/1—5(a) (West 2000).

■ It is uncontested that (1) the DOC is an "agency," and (2) adjustment committee and grievance proceedings are "contested cases," as defined by the Act. See 5 ILCS 100/1—20, 1—30 (West 2000). The DOC had procedures in place on July 1, 1977, specifically for "contested cases." See, *e.g.*, Adm. Reg., Department of Corrections § 804, at 2 (eff. June 18, 1976) (concerning adjustment committee hearing procedures). These DOC procedures continue to be in place under the Illinois Administrative Code. See 20 Ill. Adm. Code § 504.80 (2003).

The Unified Code of Corrections (Code) (730 ILCS 5/1—1—1 *et seq.* (West 2000)) is the Act that confers power on the DOC. 730 ILCS 5/3—2—2 (West 2000). The Code has not adopted the provisions of the Act by express reference. Furthermore, the Code established administrative procedures for the DOC, not covered by the Act, before July 1, 1977. See, *e.g.*, Pub. Act 77—2097, eff. January 1, 1973 (creating, *inter alia*, disciplinary and grievance procedures). These procedures now are under sections 3—8—7 and 3—8—8 of the Code. 730 ILCS 5/3—8—7, 3—8—8 (West 2000).

Under section 1—5(a) of the Act, DOC adjustment committee and grievance procedures are not controlled by the Act. Because the defendant did not have a duty to follow Act procedures, Ratliff-El's complaint did not state a cause of action for *mandamus* relief.

## B. Due Process

■ Ratliff-El contends that he is entitled to *mandamus* relief because the defendant violated his due process rights by failing to follow Act procedures.

*Mandamus* is an appropriate remedy to compel the DOC to conduct disciplinary hearings consistent with due process. *Thompson v. Lane*, 194 Ill. App. 3d 855, 551 N.E.2d 731 (1990).

In this case, we determined that the DOC does not have a duty to conduct disciplinary hearings under Act procedures. The defendant did not violate the plaintiff's due process rights by failing to follow Act procedures.

Ratliff-El was not entitled to *mandamus* relief based on either (1) the defendant's failure to follow Act procedures or (2) a violation of his due process rights. Therefore, the trial court did not err as a matter of law by granting the defendant's section 2—615 motion to dismiss.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the Will County circuit court granting the defendant's motion to dismiss Ratliff-El's *mandamus* action.

Affirmed.

SCHMIDT and LYTTON, JJ., concur.