(text box: 1) NO. 5-03-0406

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_______________________________________________________________________

JAMES G. TURNER-EL (James Turner, )  Appeal from the

Inmate No. N01161), )  Circuit Court of

)  Randolph County.  

     Plaintiff-Appellant, )  

)

v. )  No. 03-MR-15

)

MARY WEST, ELISA REA, MAVIS GROSS, ) 

and JONATHAN R. WALLS, )  Honorable 

)  William A. Schuwerk, Jr., 

     Defendants-Appellees. )  Judge, presiding.  

________________________________________________________________________

JUSTICE MAAG delivered the opinion of the court:

James G. Turner-El (the plaintiff) is an inmate in the Illinois Department of Corrections (Department) serving a 60-year term of imprisonment for armed robbery, attempted murder, and unlawful restraint.  Public records of the Department, of which we may take judicial notice (see 
People v. Williams
, 328 Ill. App. 3d 879, 887, 767 N.E.2d 511, 519 (2002)), identify the plaintiff as James Turner, inmate No. N01161.  Under section 2-401(b) of the Code of Civil Procedure (735 ILCS 5/2-401(b) (West 2002)), the misnomer of a party may be corrected at any time, before or after a judgment.  On the court's own motion, the caption of this case has been amended to reflect the plaintiff's proper name and inmate number for record-keeping purposes.

The plaintiff filed a petition for 
mandamus
 relief.  The circuit court of Randolph County granted a motion to dismiss filed by Mary West, a paralegal at Menard Correctional Center (Menard), Elisa Rea, a paralegal at Menard, Mavis Gross, a grievance officer at Menard, and Jonathan R. Walls, the warden of Menard (the defendants).  The plaintiff appeals and asserts that his petition was sufficient to withstand the motion to dismiss, warranting the reversal of the trial court's order and a remand of the case to the circuit court with directions.  
Mandamus
 relief is sought by filing a complaint, not a petition, and thus we will refer to the filing as a complaint for 
mandamus
 relief that sought an order of 
mandamus
, not a writ of 
mandamus
.  See 
People ex rel. Braver v. Washington
, 311 Ill. App. 3d 179, 181 n.1, 724 N.E.2d 68, 70 n.1 (1999).

BACKGROUND

On March 31, 2002, the plaintiff filed a complaint for 
mandamus
 relief in the circuit court of Randolph County.  He asserted that between July 2001 and February 2002, defendants West and Rea had refused to perform their ministerial duties to provide him with "[X]erox copy/notary and other legal services" and "not to retaliate against plaintiff for pending lawsuits."   He also asserted that they continued to refuse to photocopy "numerous pleadings" of an unspecified nature and "grievance complaints" in retaliation for his lawsuits. He did not describe the nature of the pleadings he sought to have copied, the courts in which they were to be filed, the dates upon which they were to be filed, or the dates upon which the defendants refused to make photocopies.  He claimed that as a result of West's and Rea's actions, he suffered unspecified detriment in various unnamed federal and state causes of action and was unable to file grievances of an unspecified nature and to pursue them to the point of exhausting his administrative remedies.

The plaintiff asserted that defendant Gross had failed to perform her ministerial duty to decide grievances or to address unspecified "rewritten grievances from July 2001 through February 2002, etc.," thereby precluding him from exhausting his administrative remedies as a predicate to pursuing unspecified legal remedies.  He failed to provide any dates or details about the allegedly unaddressed grievances or what legal remedies he was precluded from pursuing due to Gross's claimed inaction.  Defendant Walls was alleged by the plaintiff to have failed to fulfill his ministerial duty to address "all grievances" (the nature, dates, and number of which were not specified) that the plaintiff had forwarded to him as emergency grievances between February 2002 and the date of the filing of the 
mandamus
 complaint.  All the defendants' actions allegedly violated Department regulations and denied the plaintiff's rights under the constitutions of the State of Illinois and the United States.  The plaintiff sought an order of 
mandamus
 directing the defendants to photocopy his grievances and legal pleadings in order that he might have access to the courts, to issue decisions on grievances, and to refrain from retaliating against him for filing grievances and complaints. 

On May 7, 2003, the defendants moved pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2002)) to dismiss the plaintiff's complaint for the failure to state a cause of action for 
mandamus
 relief.  They noted that the fact that the plaintiff was able to file a complaint for 
mandamus
 relief demonstrated that the defendants were obviously providing the plaintiff with photocopy service.  They went on to contend that the generalized nature of the complaint's allegations relating to access to the court system precluded the grant of relief, because under 
Lewis v. Casey
, 518 U.S. 343, 135 L. Ed. 2d 606, 116 S. Ct. 2174 (1996), the plaintiff was required to establish that an actual injury had accrued to him as a result of their alleged failure to perform a nondiscretionary duty.  The defendants also contended that 
mandamus
 should not issue because the plaintiff failed to provide any specific information about the grievances that he claimed had been ignored by Gross and Walls.

The plaintiff responded on May 29, 2003, to the defendants' motion to dismiss.  He reasserted the allegations of his complaint without elaboration and claimed that the defendants' conduct "caused detriment to all [the plaintiff's] [s]tate and [f]ederal causes of actions" in that they had been dismissed because he could not attach copies of his grievances in order to prove that he had exhausted his administrative remedies prior to filing his complaints in those forums.  He again failed to provide any information about the specific causes of action that had been affected by the defendants' alleged failure to provide photocopy services to him.  The plaintiff asserted, "[E]ven though I did not list case numbers[] or name specific courts, that's [
sic
] matters for discovery[,] and[] it does not negate this court's ability to grant relief for defendant's [
sic
] failure to [X]erox his grievances."  He also maintained that his failure to plead his grievance-related allegations with specificity was a matter to be addressed in discovery.

On May 29, 2003, the court granted the defendants' motion to dismiss.  It found that the defendants were not refusing to copy the plaintiff's pleadings, that the plaintiff had failed to establish a clear duty for the defendants to copy his grievances, that he had not been denied access to the courts, and that he had failed to establish a clear right to have his grievances heard. Documents in the record filed by the plaintiff after the court's May 29, 2003, order are, we observe, photocopied.

CONTENTIONS ON APPEAL

On appeal, the plaintiff contends that the grant of the defendants' motion to dismiss was erroneous.  He argues that his complaint was sufficient to state a cause of action for 
mandamus
 relief because he needed to do no more at the pleading stage than to allege that defendants West and Rea had refused and continued to refuse to photocopy his legal complaints and grievances and that Gross and Walls refused to address his grievances, thereby violating Department rules and the Illinois and United States Constitutions.  He seeks the reversal of the order dismissing his complaint and a remand of the case to the circuit court with directions.  We assume that he wants this court to either direct the court to conduct further proceedings on his complaint or order it to grant 
mandamus
 relief to the plaintiff.

DISCUSSION

Motions to Dismiss

On a review of the grant of a motion to dismiss for the failure to state a cause of action, all well-pleaded facts and reasonable inferences from them are taken as true.  
In re Application of Anderson
, 313 Ill. App. 3d 578, 581, 730 N.E.2d 492, 494 (2000) (citing 
Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.
, 169 Ill. 2d 110, 660 N.E.2d 863 (1995)).  However, conclusions in a complaint, unsupported by facts, will not be accepted by the court as true.  
Jenkins v. Leininger
, 277 Ill. App. 3d 313, 317, 659 N.E.2d 1366, 1369 (1995).  Although 
pro se
 pleadings are normally liberally construed (
People v. Duke
, 305 Ill. App. 3d 169, 172, 711 N.E.2d 484, 487 (1999)), a liberal construction will not be utilized to remedy the failure of a complaint to plead sufficient facts to establish a cause of action.  
J. Eck & Sons, Inc. v. Reuben H. Donnelley Corp.
, 213 Ill. App. 3d 510, 514, 572 N.E.2d 1090, 1093 (1991).  This means that we will not fill in all the blanks in a 
pro se
 complaint.  
Hamlin v. Vaudenberg
, 95 F.3d 580, 583 (7th Cir. 1996).  The grant of a motion to dismiss may be affirmed on any basis that appears of record, whether the trial court decided to dismiss on that basis or not.  
In re Marriage of Lehr
, 317 Ill. App. 3d 853, 740 N.E.2d 417 (2000); 
Murillo v. Page
, 294 Ill. App. 3d 860, 864, 690 N.E.2d 1033, 1037 (1998).

Mandamus
 Relief

Mandamus
 proceedings are the proper means by which to compel the Department to follow its own rules.  
Taylor v. Franzen
, 93 Ill. App. 3d 758, 761, 417 N.E.2d 242, 244 (1981), 
supplemental opinion on rehearing
, 93 Ill. App. 3d 1152, 420 N.E.2d 1203 (1981).  
Mandamus
 may be used to compel a public officer to perform a duty that does not involve the exercise of discretion by the officer (
People ex rel. Braver v. Washington
, 311 Ill. App. 3d 179, 185, 724 N.E.2d 68, 73 (1999)), but 
mandamus
 will not issue to direct the manner in which a discretionary act is performed (
Freeman v. Lane
, 129 Ill. App. 3d 1061, 1063, 473 N.E.2d 584, 585 (1985)), even if the judgment or discretion has been erroneously exercised.  
Hanrahan v. Williams
, 267 Ill. App. 3d 735, 737, 643 N.E.2d 262, 265 (1994), 
rev'd on other grounds
, 174 Ill. 2d 268, 673 N.E.2d 251 (1996).

Mandamus
 is an extraordinary remedy that will be granted only where the plaintiff has set forth 
every material fact
 needed to demonstrate that he has a clear right to the relief requested, there is a clear duty on the part of the defendant to act, and clear authority exists in the defendant to comply with an order granting 
mandamus
 relief.  
Baldacchino v. Thompson
, 289 Ill. App. 3d 104, 109, 682 N.E.2d 182, 186 (1997).  A "material fact" is one that "is significant or essential to the issue or the matter at hand."  Black's Law Dictionary 611 (7th ed. 1999).  The grant of a motion to dismiss a complaint for 
mandamus
 relief for the failure to state a cause of action, like any other motion to dismiss filed pursuant to section 2-615, is subject to 
de novo
 review.  
Ratliff-El v. Briley
, 338 Ill. App. 3d 1070, 1072-73, 789 N.E.2d 781, 782 (2003).

Sufficiency of Complaint for 
Mandamus
 Relief

Photocopies

The plaintiff asserts that he stated a cause of action for 
mandamus
 relief by asserting that despite the fact that defendants West and Rea had a nondiscretionary ministerial duty to provide him with photocopies, they refused to photocopy for him in the past and continued to refuse to copy documents for him, thereby depriving him of his constitutionally protected right to access to the courts.  In doing so, he attempts to engraft a civil rights action onto his 
mandamus
 complaint.  He seems to believe that by saying the magic words "access to the courts," he can transform a Department rule into a constitutional right.  The plaintiff has filed photocopies of his brief in this court, as well as in the circuit court, making it obvious that Department employees are, in fact, providing him with photocopies at this time.

We recognize that Department regulations provide for the photocopying of certain legal documents for inmates.  The Illinois Administrative Code relating to library services and legal materials provides as follows in regard to photocopying documents for prisoners:

"Committed persons who are without funds shall be provided and charged for copying services for 
legal materials which may not be reasonably duplicated by other means
.  Legal documents shall be deemed to mean pleadings, complaints or petitions, briefs, exhibits, affidavits, notices of filing[,] or other documents to be filed in a court of law or other forum in which a suit may be filed or which are required to be served upon opposing counsel or parties."  (Emphasis added.)  20 Ill. Adm. Code §430.40(b) (2003).

The charges for copying services are debited from an indigent inmate's trust fund through a voucher system.  In effect, this creates a State loan to the inmate to finance his litigation.  As of March 27, 2003, the plaintiff's inmate trust account had a 
negative balance
 of $7,974.76, most of which represented the costs of photocopying and legal postage.  That debt is clearly uncollectible, now or in the future.  

The plaintiff's pleadings in the many cases he has filed in this court, eight in a span of three years, demonstrate that he has taken gross advantage of section 430.40(b) of Title 20 of the Illinois Administrative Code.  He has repeatedly filed hundreds of pages of frivolous motions and pleadings in this court.  Public records, of which we may take judicial notice (see 
Metropolitan Life Insurance Co. v. American National Bank & Trust Co.
, 288 Ill. App. 3d 760, 764, 682 N.E.2d 72, 75 (1997) (this court may take judicial notice of public documents that are included in the records of other courts)), reveal that the plaintiff's conduct in this court is a continuation of his pattern of behavior between his incarceration in 1981 and the present in at least 42 cases in the United States District Court for the Northern District of Illinois, 26 cases in the United States District Court for the Central District of Illinois, and at least 29 cases in the United States District Court for the Southern District of Illinois.  The plaintiff's recourse to this court was obviously prompted by the decisions of the federal courts to deny him leave to proceed 
in forma pauperis
 or to revoke such status where it had improvidently been granted due to his repeated filing of frivolous, malicious lawsuits that failed to state a claim.  See 
Turner-El v. Page
, Nos. 97 C 1818, 97 C 5822 (N.D. Ill. January 27, 1998) (unpublished memorandum opinion and order) ("Undoubtedly more qualifying dismissals lurk in the archives of the district courts, and neither this court nor the Southern District has attempted to count the number of appeals [filed by the plaintiff] that have been dismissed as frivolous [or] malicious[] or failed to state a claim"); 
Turner-El v. Washington
, No. 96 C 6323 (N.D. Ill. March 2, 1998) (unpublished memorandum and order); 
Turner-El v. West
, No. 97-688-PER (S.D. Ill. October 2, 1997) (unpublished memorandum and order). 

The Department does not have a nondiscretionary ministerial duty to photocopy every scrap of paper that the plaintiff presents to it under the guise of "legal documents."  Although photocopying is an easy means by which to duplicate various legal documents, it is certainly possible for the plaintiff to duplicate his various handwritten pleadings by hand, including grievance forms upon which he is required to fill out various blanks.  This fact was incontrovertibly pointed out to the plaintiff eight years ago in an unpublished memorandum opinion and order from the federal district court in the Northern District of Illinois.  In 
Turner-El v. Illinois Board of Education
, No. 93 C 4918 (N.D. Ill. August 21, 1996) (unpublished memorandum opinion and order), the court advised the plaintiff as follows: "The copies of his complaint may 
either
 be exact duplicates of the original (that is, photocopied from the original) 
or
 [be] conformed copies of the original (that is, typed or hand[]written word for word from the original)."  (Emphasis added.)

Even if the plaintiff had filed an adequate complaint in the instant case, which he did not, he would not have been absolutely entitled to an order of 
mandamus
 directing the defendants to photocopy any of his purported legal pleadings or his grievances.  Section 430.40(b) of Title 20 of the Illinois Administrative Code provides for copying services only for "legal materials which may not be reasonably duplicated by other means."  20 Ill. Adm. Code §430.40(b) (2003).  The plaintiff has legible handwriting and clearly has a great deal of time on his hands.  There is no reason he cannot create conformed copies of his original pleadings.  If the task of creating conformed copies of his "long, convoluted pleadings" (
Turner-El v. Illinois Board of Education
, No. 93 C 4918 (N.D. Ill. August 21, 1996) (unpublished memorandum opinion and order)) is burdensome to him, so be it.  Moreover, the Department provides numerous legal forms and grievance forms to prisoners 
gratis
.  With a minimum of effort, he has the ability to create conformed copies of any form, grievance or otherwise, that he wishes to append to a pleading.  Any grievance form that bears an official written response from the administration would, of necessity, be required to be photocopied.

By restricting his photocopies to 
only
 those documents that absolutely cannot be reproduced any other way, the burden on the Department and the courts will be lessened without violating Department regulations.  We note that reams of paper, consisting of copies of Department rules, statutes, and case law and pleadings, motions, and exhibits filed by the opposing parties, tend to accompany any pleading filed by this plaintiff.  It is unnecessary for the Department to photocopy rules, regulations, statutes, case law, or other readily available public documents for inclusion in the plaintiff's pleadings.  Citations to these authorities within the pleadings themselves are sufficient to allow the court to refer to them where it is necessary to do so.  Similarly, any pleadings filed by the plaintiff's defendants are already in the various courts' files.  It is unnecessary and undesirable for the Department to photocopy any opposing party's pleadings, motions, or exhibits for the plaintiff to append to his pleadings.  All that needs be done to bring any point related to an opposing party's pleadings to the attention of the court is for the plaintiff to refer in his pleadings with specificity to any document filed by an opposing party, 
i.e.
, to provide the caption of any pleading, motion, or document and the date upon which it was filed.

This stance is not a novel one.  It has long been held that the right of access to the courts does not include the right to make photocopies, unless the denial of copying privileges actually prevents the inmate from accessing the courts.  See 
Jones v. Franzen
, 697 F.2d 801, 803 (7th Cir. 1983).  Courts routinely advise inmate litigants to create conformed copies of any handwritten documents by hand and to reference other documents already before the court, rather than to copy them as exhibits.  See, 
e.g.
, 
Williams v. Lomen
, No. 03-1277 (7th Cir. November 18, 2003) (unpublished order).  Although an inmate must be given meaningful access to the courts (see 
Lewis v. Casey
, 518 U.S. 343, 135 L. Ed. 2d 606, 116 S. Ct. 2174 (1996)), there exists no constitutional right to have one's adversary or the public treasury defray all or part of the cost of litigation.  See 
Johnson v. Daley
, 339 F.3d 582, 586 (7th Cir. 2003).  The plaintiff is one of the many inmates who "have ample time on their hands and have demonstrated a proclivity for frivolous suits to harass their accusers, the guards, and others who caused or manage their captivity" and "who have established, by their own conduct, that they are among the abusers of the judicial system," and he, too, has "no constitutional entitlement to subsidy" of his litigious enterprises.  
Lewis v. Sullivan
, 279 F.3d 526, 528-29, 529, 528 (7th Cir. 2002).

Defendants West and Rea had no clear, nondiscretionary ministerial duty to photocopy any of the plaintiff's pleadings or grievances that the plaintiff himself could have duplicated with conformed copies.  Moreover, the plaintiff failed to plead that any of the documents that he wanted photocopied were incapable of being duplicated by any method other than photocopying.  Furthermore, he did not plead with specificity which, if any, nonfrivolous causes of action had been adversely affected by West's and Rea's alleged refusal to copy documents.  He thus failed to plead a clear right to have the defendants perform as he demanded, rendering 
mandamus
 relief unavailable in regard to defendants West and Rea and warranting the dismissal of his complaint against them.

Unaddressed Grievances

The plaintiff asserts that because he complained that his grievances were not being addressed and that this impaired his ability to litigate because he had to prove that he had exhausted his administrative remedies prior to seeking recourse in the judicial system, his complaint was sufficient to warrant the issuance of an order of 
mandamus
 directing defendant Gross to reply to his routine grievances and defendant Walls to respond to his emergency grievances.

We are aware that an inmate does have a constitutional right of access to the courts that is adequate, effective, and meaningful.  
Bounds v. Smith
, 430 U.S. 817, 822, 52 L. Ed. 2d 72, 78, 97 S. Ct. 1491, 1495 (1977).  However,
 a prisoner's right of access to the courts is limited to direct criminal appeals, 
habeas corpus
 applications, and civil rights claims challenging the conditions of confinement.  
Lewis v. Casey
, 518 U.S. 343, 354, 135 L. Ed. 2d 606, 620, 116 S. Ct. 2174, 2181-82 (1996).  It does not include a constitutional right to file prison grievances.  
Rienholtz v. Campbell
, 64 F. Supp. 2d 721, 730 (W.D. Tenn. 1999).  In the context of access to the court, no constitutional right is implicated absent a showing of an actual injury to an existing or contemplated litigation that raises nonfrivolous claims, and "[i]mpairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  (Emphasis omitted.)  
Lewis
, 518 U.S. at 355, 135 L. Ed. 2d at 620, 116 S. Ct. at 2182.  In the context of a civil rights claim, which this case is not, a prisoner must show, to establish a deprivation of access to the courts, that unjustified acts or conditions "hindered his efforts to pursue a legal claim."  
Lewis
, 518 U.S. at 351, 135 L. Ed. 2d at 618, 116 S. Ct. at 2180.  

We are cognizant that in 
West v. Gramley
, 262 Ill. App. 3d 552, 634 N.E.2d 1261 (1994), the reviewing court reversed the dismissal of the inmate plaintiff's complaint for 
mandamus
 relief, wherein he sought to compel prison officials to comply with Department grievance procedures.  That case differs from the instant case because the inmate in 
West
 attached photocopies of one side of the grievance forms to his complaint.  In response to the defendants' motion to dismiss, which had asserted that he had not submitted grievances and that the copies were not true and correct, the inmate provided photocopies of the reverse sides of the grievances and an affidavit swearing that they had been submitted to the grievance officer.  The reviewing court found that the presence of the copies of the grievances and the inmate's affidavit precluded the court from granting the motion to dismiss. The court held that the inmate's allegations that he had filed grievances complaining that he had not been supplied with paper, envelopes, toothpaste, or cleanser but that he received no response to his written grievances warranted a remand of the case to the circuit court with directions to hold a hearing to determine if the inmate had ever actually filed any written grievances. 

In the instant case, although he could have done so, the plaintiff did not submit conformed copies of his alleged grievances, nor did he even state the subject matter of the grievances or the dates upon which they allegedly had been submitted to the grievance officer (defendant Gross) or to the warden (defendant Walls).  This lack of factual information in his pleadings, which was obviously within his knowledge and would have circumvented any difficulty that he might have had due to the alleged refusal of defendants West and Rea to photocopy grievances for him, made his complaint insufficient to state a cause of action for 
mandamus
 relief.  Even after the defendants' motion to dismiss put him on notice that he was required to plead with specificity his cause of action for 
mandamus
 relief, he failed to provide any information at all about the grievances that he had alleged filed.  Additionally, the plaintiff failed to describe the nature of the claims that allegedly had been stalled through the inaction of Gross and Walls in all but the most vague terms: "numerous pleadings" and "federal and state causes of action."  Illinois is a fact-pleading state, which requires a plaintiff to allege facts sufficient to bring his or her claim within the scope of the cause of action asserted.  
Beahringer v. Page
, 204 Ill. 2d 363, 369, 789 N.E.2d 1216, 1221 (2003).  The omission of these material facts from his complaint rendered it insufficient to state a cause of action, warranting the grant of the defendants' motion to dismiss.

CONCLUSION

For the foregoing reasons, we find that the grant of the defendants' motion to dismiss the plaintiff's 
mandamus
 complaint was proper, and we affirm the trial court's order.  

Affirmed.

HOPKINS and KUEHN, JJ., concur.

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 05/27/04.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.