NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241096-U

NO. 4-24-1096

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 27, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JARED M. STAAKE, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| SCOTT LOFTUS, | ) | No. 23MR154 |
|     Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Christopher G. Perrin, |
| | ) | Judge Presiding. |

_____

JUSTICE STEIGMANN delivered the judgment of the court.
Justices DeArmond and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding the trial court properly dismissed
plaintiff's claim that he was denied access to the courts.

¶ 2    In June 2024, plaintiff, Jared M. Staake, an inmate in the Sangamon County jail, filed his second amended complaint, alleging that defendant, Scott Loftus, a jail employee, had denied him access to the courts. In July 2024, Loftus filed a motion to dismiss plaintiff's complaint under section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2024)). In August 2024, the trial court granted Loftus's motion to dismiss.

¶ 3    Plaintiff appeals, arguing the trial court erred by dismissing his complaint. We disagree and affirm.

¶ 4    I. BACKGROUND

¶ 5    In March 2023, plaintiff was taken into custody in Sangamon County. While in

custody, plaintiff was served with summons in case No. 23-OP-79 for an order of protection (OP) filed against him in Macoupin County. In April 2023, a default judgment was entered against plaintiff in the OP case. One week later, plaintiff successfully had the OP vacated.

¶ 6        In May 2023, plaintiff *pro se* filed a two-count complaint against the Sangamon County Sherrif's Office, alleging that he was denied his (1) right of access to the courts and (2) due-process right to receive his mail. Plaintiff sought an injunction ordering the office to "provide [him] with meaningful access to the courts" and enjoining the office's "mail policy."

¶ 7        In August 2023, plaintiff *pro se* filed a motion to voluntarily dismiss his complaint and replead, which the trial court granted. Thereafter, plaintiff filed an amended complaint naming Loftus as the sole defendant. In his single-count complaint, plaintiff alleged that Loftus "deliberately and indifferently denied [him] access to the courts." Specifically, plaintiff alleged that Loftus denied his repeated requests for stationary supplies, "pens, paper, stamped envelopes and copies" that were "only distributed the first part of the month." Plaintiff alleged that the denial of these materials caused the default judgment to be entered against him in the OP case.

¶ 8        In November 2023, Loftus filed a motion to dismiss, asserting that plaintiff failed to show "any actual injury or prejudice" because plaintiff had successfully vacated the OP against him. Loftus asserted that during the seven days that the OP was in effect, plaintiff was incarcerated and had "not explained how he suffered any harm."

¶ 9        In June 2024, after the trial court granted him leave, plaintiff *pro se* filed a second amended complaint against Loftus. Plaintiff's second amended complaint added the date when the default judgment was entered but did not add any additional counts. Loftus filed a second motion to dismiss pursuant to section 2-619(a)(9) (*id.*), arguing that plaintiff "did not provide any

factual allegations to support his assertion that the vacated [OP] adversely affected him in any way." In response, plaintiff argued, "[T]hat is a textbook 'failure to state a claim' argument that must be raised in a § 2-615 motion; not a § 2-619 motion purportedly asserting an 'affirmative matter.' " Plaintiff asserted that the default judgment constituted actual injury.

¶ 10        In August 2024, the trial court held a hearing on Loftus's motion to dismiss. (We note no report of the proceedings or bystander's report for this hearing is included in the record on appeal.). According to the docket entry following the hearing, the court granted the motion to dismiss, finding that:

> "[Plaintiff] was not deprived of a constitutional right because a prisoner's right of
> access to the courts is limited to actions challenging his conviction, sentence or
> conditions of confinement. Impairment of any other litigating capacity is simply
> one of the incidental (and perfectly constitutional) consequences of conviction
> and incarceration[.] *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Calhoun v.*
> *Department of Corrections*, [20]17 IL App (4th) 150950-U[, ¶ 48]. Accordingly,
> plaintiff has failed to allege the impairment was anything other than an incidental
> consequence of incarceration."

¶ 11        This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13        Plaintiff appeals, arguing the trial court erred by dismissing his amended complaint. Specifically, plaintiff contends that his right of access to the courts was not limited to actions challenging his conviction, sentence, or conditions of confinement. Plaintiff maintains his successful vacation of the default judgment against him in the OP case does not defeat his standing in this case. We affirm.

- 3 -

¶ 14                              A. Applicable Law and the Standard of Review

¶ 15                                 1. *Section 2-615 and 2-619 Motions*

¶ 16         A motion to dismiss pursuant to section 2-615(a) denies the legal sufficiency of a complaint based on defects apparent on its face. 735 ILCS 5/2-615(a) (West 2024). A motion to dismiss pursuant to section 2-619(a)(9) asserts that a plaintiff's claim is barred by an affirmative defense or "other affirmative matter" that avoids the legal effect of or defeats the claim. *Id.* § 2-619(a)(9). Under section 2-619, it is the movant's burden to present an affirmative defense or other "affirmative matter." *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 37.

¶ 17                                   2. *The Standard of Review*

¶ 18         Under either section 2-615 or section 2-619, this court reviews *de novo* a trial court's ruling on a motion to dismiss. *Süd Family Ltd. Partnership v. Otto Baum Co.*, 2024 IL App (4th) 220782, ¶ 41. This court may affirm the dismissal of a plaintiff's claim on any basis supported by the record, regardless of the lower court's reasoning. *Id.* Under *de novo* review, this court applies the law and decides the issues anew, without deference to the lower court. *Shulte v. Flowers*, 2013 IL App (4th) 120132, ¶ 17.

¶ 19                                   B. Access to the Courts

¶ 20         A prisoner's constitutional right of access to the courts is limited to actions challenging his conviction, sentence, or conditions of confinement. *Lewis*, 518 U.S. at 354-55. For these actions, the State has an obligation to provide the tools that "inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id.* at 355. While prison law libraries and legal assistance programs are means to this end, "meaningful access to the courts is the touchstone." (Internal quotation marks omitted.)

*Id.* at 351. Outside of litigating one's conviction, sentence, or conditions of confinement, the "impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." (Emphasis omitted.) *Id.* at 354-55.

¶ 21    Further, "no constitutional right is implicated absent a showing of an actual injury to an existing or contemplated litigation that raises nonfrivolous claims." *Turner-El v. West*, 349 Ill. App. 3d 475, 484 (2004). "A prisoner claiming a denial of his right to access to the courts must establish he suffered an actual injury, defined as actual prejudice to existing or impending litigation." *Romero v. O'Sullivan*, 302 Ill. App. 3d 1031, 1037 (1999). The injury requirement "derives ultimately from the doctrine of standing." *Lewis*, 518 U.S. at 349.

¶ 22                          C. This Case

¶ 23    In the present case, plaintiff argues that dismissal was improper because (1) his right of access to the courts was not limited to actions challenging his conviction, sentence, or conditions of confinement and (2) he suffered "actual injury" in the OP litigation. We disagree.

¶ 24    We note that because plaintiff cannot meet the standard set forth in *Lewis*, he urges this court to review his complaint as an "active interference" claim under the law of various federal courts of appeals. *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011); *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004); *John L. v. Adams*, 969 F.2d 228, 235 (6th Cir. 1992). We note that Illinois appellate courts are not bound by the decisions of federal circuit courts in the absence of a decision by the United States Supreme Court. *State Bank of Cherry v. CGB Enterprises, Inc.*, 2013 IL 113836, ¶ 34.

¶ 25    Ultimately, this court is bound by the United States Supreme Court's decision in *Lewis*, which significantly narrows "the purposes for which access to the courts for inmates is required." *Romero*, 302 Ill. App. 3d at 1037. These purposes include challenging one's

conviction, sentence, or conditions, as set forth above. *Lewis*, 518 U.S. at 354-55. The impairment of any other litigating capacity is "incidental" to confinement. *Id.* at 355.

¶ 26　　　　First, because none of these purposes applied, any loss of plaintiff's capacity to defend against the OP was incidental to confinement. Plaintiff contends that because he was a pretrial detainee, his litigating capacity could not be impaired as an incidental consequence of a "conviction." However, *Lewis* did not differentiate between convicted prisoners and pretrial detainees in deciding the scope of inmates' constitutional right of access to the courts. Instead, the loss of litigating capacity is simply a consequence "of conviction *and* incarceration." (Emphasis added.) *Id.* Here, plaintiff failed to allege the impairment was anything more than an incidental consequence of his incarceration.

¶ 27　　　　Second, plaintiff has failed to make a showing of "actual injury" necessary to his constitutional claim that he was deprived access to the courts. Plaintiff has not shown that the default judgment caused actual injury or prejudice. Instead, the record shows that plaintiff successfully had the OP vacated only one week after it was entered. Plaintiff was in custody in another county during the week the OP was in effect.

¶ 28　　　　Therefore, the trial court did not err in granting Loftus's motion to dismiss when plaintiff failed to allege the impairment of his litigating capacity was anything more than an incidental consequence of his incarceration.

¶ 29　　　　　　　　　　D. Loftus's Motion to Dismiss

¶ 30　　　　As a final matter, we note Loftus's motion to dismiss could have more clearly identified section 2-615 as the appropriate vehicle for dismissal. Although plaintiff does not raise any such issue on appeal, Loftus's motion to dismiss was not clearly labeled. For example, the motion was not titled as a combined motion to dismiss, despite containing language referring to

"the purposes of this combined motion." See 735 ILCS 5/2-619.1 (West 2024). Further, the motion identified section 2-619(a)(9) but did not rely on an "affirmative matter" to defeat the claim. See *Id.* § 2-619(a)(9). "In analyzing a pleading, a court of review will look to the content of the pleading rather than its label." *Padilla v. Vazquez*, 223 Ill. App. 3d 1018, 1023 (1991). Here, Loftus argued that plaintiff "failed to establish a claim for denial of access to the courts." By denying the legal sufficiency of plaintiff's complaint, Loftus's grounds for dismissal satisfied section 2-615. See *Reynolds*, 2013 IL App (4th) 120139, ¶ 25 ("To survive a section 2-615 [motion to dismiss], a plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action." (Internal quotation marks omitted.)) (citing *Thurman v. Champaign Park District*, 2011 IL App (4th) 101024, ¶ 8).

¶ 31       The trial court held a hearing on the motion to dismiss, but no transcript of those proceedings appears in the record. In the absence of a transcript, a reviewing court will presume the trial court acted in conformity with the law when ruling on a motion. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). As the court granted dismissal on grounds appropriate under section 2-615, we presume Loftus's motion to dismiss was reasonably construed as a 2-615 motion or a combined motion. Nonetheless, we caution litigants to conform to the standards set forth by the Code when presenting hybrid motions. *Phelps v. Land of Lincoln Legal Assistance Foundation, Inc.*, 2016 IL App (5th) 150380, ¶ 13. Adhering to these standards prevents confusion for the trial court, protects the record, and avoids unnecessary review.

¶ 32       In sum, we conclude that the trial court did not err by granting Loftus's motion to dismiss.

¶ 33                                III. CONCLUSION

¶ 34       For the reasons stated, we affirm the trial court's judgment.

¶ 35   Affirmed.