DONALD JACKSON, Plaintiff-Appellant, v. HOWARD A. PETERS *et al.*, Defendants-Appellees.

Third District   No. 3—93—0024

Opinion filed November 2, 1993.

Donald Jackson, of Joliet, appellant *pro se.*

Roland W. Burris, Attorney General, of Springfield (John P. Schmidt, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Donald Jackson, appeals from the trial court's dismissal of his petition for a writ of *mandamus.* We affirm.

The record shows that the plaintiff is an inmate confined at the Stateville Correctional Center (Stateville). On May 14, 1992, he filed a *mandamus* petition against the defendants, Howard A. Peters, the Director of the Illinois Department of Corrections, and Salvador Godinez, the warden at Stateville.

The plaintiff alleged in his petition that on February 6, 1992, his fiancee, Jewell Tucker, visited him at Stateville and left a jacket in the visitation room. She was not allowed back into the facility to get the jacket, and it was never returned to her. On February 14, 1992, the Department of Corrections sent a letter to Tucker informing her that her visitation privileges were suspended for six months for bringing contraband into Stateville. The letter stated she could resume visitation on August 6, 1992.

The plaintiff further alleged that the defendants' termination of Tucker's visitation rights violated his rights to due process. Specifically, he contended that they failed to give him notice of the disciplinary charges against him and failed to give him a hearing on the charges. He requested that the trial court order the defendants to hold such a hearing or restore Tucker's visitation privileges. In addition, he sought a monetary award for compensatory and punitive damages. The defendants filed a motion to dismiss the petition which the trial court granted on November 19, 1992.

On appeal, the plaintiff argues that the trial court erred in granting the defendants' motion to dismiss. Specifically, he alleges that his complaint set forth a cause of action for the violation of his due process rights.

We first note on appeal that the trial court properly dismissed the plaintiff's petition insofar as it sought to compel the defendants to restore Tucker's visitation privileges. We do so based on our finding that the issue was moot.

A *mandamus* petition will be dismissed as moot if no actual rights or interests of the parties remain or if events occur that make it impossible for the court to grant effectual relief to either party. *People ex rel. Hartigan v. Illinois Commerce Comm'n* (1985), 131 Ill. App. 3d 376, 475 N.E.2d 635.

 Here, the suspension of Tucker's visitation privileges lasted only until August 6, 1992. As such, a writ of *mandamus* directing the defendants to grant the plaintiff a hearing or to restore Tucker's visitation privileges would not have affected the rights and interests of the parties after that date. As noted above, the petition was not dismissed until November 19, 1992, which was long after the visitation privileges were restored. Therefore, since the relief requested was already restored, the issue was moot.

We now turn to the plaintiff's contention that he was entitled to compensatory and punitive damages because his due process rights were violated. He argues that he had a State-created liberty interest in receiving visits from Tucker that was violated when her visitation privileges were terminated. We note that the plaintiff does not contest the defendants' finding that Tucker brought contraband into Stateville.

The statute that creates the right in question states that all institutions and facilities of the Department of Corrections shall permit every committed person to receive visitors, except in case of abuse of the visiting privilege, or when the chief administrative officer determines that such visiting would be harmful or dangerous to the security, safety, or morale of the institution or facility. Ill. Rev. Stat. 1991, ch. 38, par. 1003—7—2(f).

 In the case at hand, we note that while the statute does create a general due process right for inmates to receive visitors, it also imposes reasonable limitations upon that right. One of the limitations is that the right can be suspended if an abuse of the visitation privilege occurs. Here, an abuse of the right occurred when Tucker brought contraband into the facility. We therefore find that the defendants had the authority to suspend the right, and, as such, no due process violation occurred.

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

LYTTON and STOUDER, JJ., concur.