**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190139-U

Order filed August 5, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| CALVIN A. GRISSOM, | ) | Appeal from the Circuit Court |
| | ) | of the 9th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Knox County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | Appeal No. 3-19-0139 |
| ILLINOIS DEPARTMENT OF | ) | Circuit No. 18-MR-53 |
| CORRECTIONS and ILLINOIS STATE | ) | |
| POLICE, | ) | |
| | ) | The Honorable |
| Defendants-Appellees. | ) | Paul L. Mangieri, |
| | ) | Judge, presiding. |

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justices O'Brien and Wright concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err when it dismissed the plaintiff's mandamus action as moot.

¶ 2    The plaintiff, Calvin A. Grissom, filed a petition for *mandamus* relief, alleging that he had been erroneously labeled on the Illinois Department of Corrections' website as being required to register as a sex offender. The defendants, the Department of Corrections and the Illinois State Police, filed a motion to dismiss, alleging that the error had been found and

corrected. After a hearing, the circuit court dismissed Grissom's petition after finding that the issue was moot. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        In April 2014, Grissom was convicted of two narcotics-related offenses (720 ILCS 570/402(A)(1), (B)(2) (West 2014)) and was sentenced to 26 years of imprisonment.

¶ 5        In 2016, Grissom learned that his offender profile on the website of the Department of Corrections (DOC) had listed him as requiring sex offender registration. Grissom filed a grievance, alleging that the designation was in error and that he wanted to know, *inter alia*, who authorized the designation and whether the designation had been shared with other agencies or websites. The response Grissom received stated that he needed to petition the State's Attorney in his county of commitment to review the conviction to determine if the designation was warranted. The DOC claimed that they could not act until the Illinois State Police modified their database. After further attempts at pursuing his claim, Grissom was told by the DOC that he was being required to register as a sex offender due to the age of his victim in his attempted murder conviction from a 1996 case.

¶ 6        In 2018, Grissom filed a petition for *mandamus* relief with the circuit court, which sought a correction to the erroneous sex-offender label on his DOC website profile. The defendants filed a motion to dismiss, alleging that the error had been discovered and corrected. Attached to the motion was an affidavit from an individual employed by the Illinois State Police as the Supervisor of the Sex Offender Registration Unit. That individual stated that an investigation into Grissom's grievance showed that the sex-offender notation on his profile stemmed from records of his convictions for attempted murder in a 1996 case, which indicated that his victims were under 18 years of age. It was determined, however, that the victims in that case were two

2

Chicago Housing Authority officers who were over 18 years of age. Accordingly, the error was corrected on Grissom's DOC website profile.

¶ 7 Grissom filed a response to the defendants' motion to dismiss, alleging, *inter alia*, that a threat still existed that he would be labeled again as required to register as a sex offender. He also argued that he was entitled to receive copies of all documents related to the erroneous label from any agency responsible for the error.

¶ 8 The defendants filed a reply, again asserting that the issue was moot.

¶ 9 On December 10, 2018, the circuit court granted the defendants' motion to dismiss, ruling that the issue of the notation was moot and that *mandamus* relief did not include the production of records as requested by Grissom.

¶ 10 Grissom filed a motion to reconsider in which he argued, *inter alia*, that he was entitled to judgment because he was never served with the defendants' reply to his response to the motion to dismiss. After his motion to reconsider was denied, Grissom appealed.

¶ 11                                    II. ANALYSIS

¶ 12 On appeal, Grissom argues that the circuit court erred when it dismissed his *mandamus* petition.

¶ 13 A motion to dismiss brought pursuant to section 2-619(9) of the Code of Civil Procedure alleges that some "affirmative matter" exists that avoids the legal effect of, or defeats the claim made in, a complaint. 735 ILCS 5/2-619(9) (West 2016). When considering a section 2-619 motion to dismiss, a court "must accept as true all well-pleaded facts in plaintiffs' complaint and all inferences that can reasonably be drawn in plaintiffs' favor." *Morr-Fitz v. Blagojevich*, 231 Ill. 2d 474, 488 (2008). We review a circuit court's ruling on a section 2-619 motion to dismiss *de novo*. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006).

3

¶ 14 "*Mandamus* is an extraordinary remedy appropriate to enforce as a matter of public right the performance of official duties by a public officer where no exercise of discretion on his part is involved." *Madden v. Cronson*, 114 Ill. 2d 504, 514 (1986). "A writ of *mandamus* will be awarded only if the petitioner establishes a clear right to the relief requested, a clear duty of the public official to act, and clear authority in the public official to comply with the writ. Although *mandamus* generally provides affirmative rather than prohibitory relief, the writ can be used to compel the undoing of an act." *People ex rel. Alvarez v. Howard*, 2016 IL 120729, ¶ 12.

¶ 15 "A *mandamus* petition will be dismissed as moot if no actual rights or interests of the parties remain or if events occur that make it impossible for the court to grant effectual relief to either party." *Jackson v. Peters*, 251 Ill. App. 3d 865, 867 (1993). In this case, it is undisputed that the erroneous sex-offender-registration label has been removed from Grissom's DOC website profile. Accordingly, Grissom has already received his requested relief. The issue is therefore moot. See *id.*

¶ 16 We acknowledge that an issue raised in a *mandamus* petition may not be mooted by the cessation of the challenged conduct if the conduct could be reasonably expected to recur. *Fisch v. Loews Cineplex Theatres, Inc.*, 365 Ill. App. 3d 537, 540 (2005). However, it must be noted that the burden of proving the conduct is expected to recur is on the petitioner. *Id.* In this case, while Grissom alleges that he is entitled to further *mandamus* relief because the erroneous sex-offender label could be placed on his DOC website profile again, he has provided no argument or proof that such conduct could recur. Accordingly, his purely speculative claim is without merit. See *id.*

¶ 17 Grissom further argues that he is entitled to further *mandamus* relief to obtain documents from any agencies involved in the erroneous label placed on his DOC website profile. However,

our supreme court has held that under normal circumstances, a writ of *mandamus* cannot be used to regulate discovery. *Marshall v. Elward*, 78 Ill. 2d 366, 375 (1980); *Balciunas v. Duff*, 94 Ill. 2d 176, 188 (1983). Here, Grissom has provided nothing to indicate that his circumstance is abnormal such that *mandamus* could be used to force the disclosure of the documents he has referenced.

¶ 18 Lastly, we note that Grissom also briefly argues that he is entitled to judgment because he was never served with the defendants' reply to his response to the motion to dismiss. Grissom has not provided any authority in support of this argument; accordingly, he has waived it. Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) (requiring an appellant to include citations to authority in support of his or her arguments on appeal).

¶ 19                                  III. CONCLUSION

¶ 20 For the foregoing reasons, the judgment of the circuit court of Knox County is affirmed.

¶ 21 Affirmed.