**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200222-U

Order filed November 19, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| CALVIN A. GRISSOM, | ) | Appeal from the Circuit Court |
| | ) | of the 9th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Knox County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN BALDWIN, Individually and in His | ) | |
| Official Capacity as the Director of the Illinois | ) | |
| Department of Corrections; OFFICER MR. | ) | |
| CARPENTER, Individually and in His Official | ) | |
| Capacity as an employee of the Illinois | ) | |
| Department of Corrections; and LEO | ) | |
| SCHMITZ, Individually and in His Official | ) | Appeal No.   3-20-0222 |
| Capacity as the Director of the Illinois State | ) | Circuit No.   19-MR-151 |
| Police, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| (John Baldwin, Individually and in His Official | ) | |
| Capacity as the Director of the Illinois | ) | |
| Department of Corrections; and Leo Schmitz, | ) | |
| Individually and in His Official Capacity as the | ) | |
| Director of the Illinois State Police, | ) | Honorable |
| | ) | Scott Shipplett, |
| Defendants-Appellees). | ) | Judge, Presiding. |

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Lytton and Wright concurred in the judgment.

**ORDER**

¶ 1       *Held*:  Appeal dismissed because the circuit court's dismissal order did not dispose of all of the plaintiff's claims and the circuit court did not make the finding pursuant to Rule 304(a) that there was no just reason for denying the appeal.

¶ 2       The plaintiff, Calvin A. Grissom, an inmate in the custody of the Illinois Department of Corrections (IDOC), appeals a circuit court order granting a motion to dismiss in favor of two defendants, John Baldwin, the director of the IDOC, and Leo Schmitz, the director of the Illinois State Police (ISP). We dismiss the appeal for lack of jurisdiction.

¶ 3                                            I. BACKGROUND

¶ 4       Grissom filed his *pro se* complaint against Baldwin, Schmitz, and a corrections officer identified as Mr. Carpenter. Grissom alleged that Baldwin and Schmitz defamed him and violated many of his state and federal constitutional rights by erroneously labeling him as a sex offender on the IDOC and ISP websites. Grissom alleged that Carpenter violated his constitutional rights by failing to deposit a prison grievance in the correct location. We previously upheld the dismissal of Grissom's petition for *mandamus* relief against the IDOC and the ISP as moot, which was also based on the allegation that Grissom had been erroneously labeled as being required to register as a sex offender. *Grissom v. Illinois Department of Corrections*, 2021 IL App (3d) 190139-U.

¶ 5       The attorney general of the state of Illinois entered appearances for Baldwin, Schmitz, and the ISP. There was no appearance filed on behalf of Carpenter. The attorney general then filed a combined motion to dismiss on behalf of Baldwin, Schmitz, and the ISP, pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2020)). The circuit court granted the motion to dismiss. The order states that it is a final order, but it does not address the claim

against Carpenter. It does not contain an express written finding that there is no just reason for delaying the appeal. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

## II. ANALYSIS

Grissom appeals the dismissal order, alleging that his appeal is from a final order and that jurisdiction is proper under Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017). The attorney general argues that we lack jurisdiction over this appeal because the Carpenter claim remains unresolved. We agree.

There was no appearance entered on behalf of Carpenter; it does not appear that he was served with process. However, he is still considered a party in the context of Rule 304(a). See *Mayle v. Urban Realty Works, LLC*, 2020 IL App (1st) 191018, ¶ 39 (citing *Mares v. Metzler*, 87 Ill. App. 3d 881, 885 (1980)). Since the claim against Carpenter is different than those against the other defendants, and the claim was against him in both his individual and official capacities, it cannot be said that there was a unified tortfeasor and the circuit court's order intended to dismiss all of Grissom's claims. See *Mayle*, 2020 IL App (1st) 191018, ¶ 42. Carpenter was still a party to the action, so the circuit court's final order did not dispose of all of the parties or claims, and the circuit court did not make the findings required by Rule 304(a) that there was no just reason for delaying the appeal. Thus, we lack appellate jurisdiction.

## III. CONCLUSION

Appeal dismissed.