NOTICE
Decision filed 07/25/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230392-U

NO. 5-23-0392

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THEODORE LUCZAK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Clinton County. |
| | ) | |
| v. | ) | No. 21-MR-8 |
| | ) | |
| CHRISTOPHER (SCOTT) THOMPSON, Warden, | ) | |
| Centralia Correctional Center, and THE | ) | |
| ADMINISTRATIVE REVIEW BOARD, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (Christopher (Scott) Thompson, Defendant- | ) | Stanley M. Brandmeyer, |
| Appellee). | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices McHaney and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err in granting the appellee's motion to dismiss the appellant's petition for writ of *mandamus*. Section 3-8-8 of the Unified Code of Corrections (730 ILCS 5/3-8-8 (West 2020)) does not bestow upon the appellant the right to receive responses to his grievances and does not create a duty on the appellees to respond. Therefore, the judgment of the circuit court is affirmed.

¶ 2    Plaintiff-appellant Theodore Luczak was formerly an inmate at the Illinois Department of Corrections (IDOC), Centralia Correctional Center (Centralia). While at Centralia, he filed a petition for writ of *mandamus*, seeking compliance with the facility's grievance process. The

1

petition named as respondents "Scott" Thompson,[1] in his capacity as the warden of Centralia, and the Administrative Review Board (ARB). Thompson filed a combined motion to dismiss the petition pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2020)). Luczak now appeals, *pro se*, from the circuit court's order granting the motion to dismiss his petition.

¶ 3                              BACKGROUND

¶ 4      Luczak is an inmate in the custody of the IDOC. During the time relevant to the allegations in his complaint for *mandamus*, he was incarcerated at Centralia. The record indicates that he was moved from Centralia to the Pinckneyville Correctional Center at some point in June 2022. He is presently incarcerated at the Lawrence Correctional Center.[2]

¶ 5                        A. Petition for Writ of *Mandamus*

¶ 6      On January 20, 2021, Luczak filed a petition for writ of *mandamus* against Thompson, then-warden at Centralia, and the ARB. In his petition, Luczak stated that he had filed seven grievances between April 22, 2020, and January 7, 2021, but was only able to exhaust one. He alleged that the defendants' "deliberate failure" to address his remaining grievances caused him to suffer "cruel and unusual punishment" in the form of being subjected to acts of retaliation, threats by staff, denial of adequate dental care, denial of adequate bedding and clothing, and placement in a segregation unit "absent any kind of rule violation." He also describes one of his grievances, wherein he alleged that on January 6, 2021, he was placed in a segregation unit for refusing to undergo a nasal cavity swab.

---

[1]In his petition and related filings, Luczak incorrectly names Centralia's then-warden as "Scott Thompson." The correct name is Christopher Thompson. All mentions of Scott Thompson and Christopher Thompson refer to the same person, and are understood to reference the warden of Centralia during the time relevant to Luczak's petition.

[2]See *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 430 (2007) (the appellate court can take judicial notice of information posted to IDOC's website).

¶ 7 The petition further stated that, in late 2017, IDOC made changes to its grievance process that took effect November 1, 2017. Luczak described those changes as creating a three-level system that included a notice requirement, under which the petitioner was to receive by mail a copy of his entered grievance with the number assigned to it. Luczak alleged that he only received identification numbers for two out of his seven grievances. He further claimed that those two grievances were never addressed. He also mentioned an eighth "emergency grievance" that he filed on April 22, 2020, alleging that an officer attempted to entice him into a fight, and claimed that this grievance also was not addressed.

¶ 8 Luczak alleged that the grievance system at Centralia was not in compliance with the new three-level system or with section 3-8-8 of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/3-8-8 (West 2022)). Luczak requested the court to compel the respondents to (1) adhere to the requirements of the new three-level grievance system, (2) take appropriate actions to bring the grievance system into substantial compliance with section 3-8-8, and (3) take appropriate actions to ensure that he is afforded a fair and effective grievance process.

¶ 9 B. Supporting Evidence and Statutory Authority

¶ 10 On June 4, 2021, Luczak filed a document titled "Supporting Evidence and Statutory Authority" in support of his *mandamus* petition, to which he attached 19 exhibits. The filing explained that one portion of the exhibits was meant to show that he would be in imminent danger if he was not granted *mandamus* relief. This included documentation of two additional grievances that he filed in March 2021 that he claims were improperly resolved; both were filed after his petition.

¶ 11 The other portion of his argument in the supplemental filing referred to exhibits that were included to show that Centralia's inmate grievance system was not in substantial compliance with

3

section 3-8-8 of the Corrections Code, nor with the 2017 changes to IDOC's grievance system. He claimed that the defendants deliberately ignored or refused to address most of his grievances, or to advance them to the second level of the three-level grievance process. He further claimed that the defendants retaliated against him for filing grievances, by directing a staff member to fabricate a disciplinary report against him and refusing to allow him to participate in any rehabilitative programs. He stated that the alleged retaliatory act occurred in May of 2021, also after he had filed his petition.

¶ 12    In addition to section 3-8-8, he also stated that support for his claim could be found in section 504.810 of IDOC's regulations, which discusses the filing of grievances. See 20 Ill. Adm. Code 504.810 (amended at 41 Ill. Reg. 3869 (eff. Apr. 1, 2017)). He also pointed to and attached a copy of an IDOC procedural bulletin dated December 31, 2017, which concerns a grievance pilot program at a different correctional facility.

¶ 13                    C. Thompson's Motion to Dismiss

¶ 14    On March 16, 2023, Thompson[3] filed a combined section 2-619.1 motion to dismiss Luczak's petition for writ of *mandamus*. He argued that inmates do not have a right to enforce grievance procedures under either the Code or the Constitution, and that our courts have held that IDOC regulations are designed to provide guidance to prison officials and do not create additional rights for inmates beyond those required under the Constitution. As such, Luczak's *mandamus*

---

[3]While the ARB was also named as a defendant in Luczak's petition, the record indicates that Thompson was the only defendant involved in this matter. On appeal, Thompson explains that it is unclear whether the ARB was ever served with process, and the circuit court did not address this issue in its decision. The court's ruling states that it is final and appealable. We note that we agree with Thompson that the lack of express disposition of the claims against the ARB does not affect the finality of the court's judgment. See *Merritt v. Randall Painting Co.*, 314 Ill. App. 3d 556, 559 (2009) (finding that dismissal order was final and appealable where only the served defendant moved to dismiss, because claims asserted against the served and unserved defendants were the same, and the grounds for dismissal applied to all defendants).

action requesting the court to compel the defendant to respond to his grievances was barred. Thompson's second argument was that Luczak failed to allege sufficient facts to state a claim for *mandamus* relief, and that his petition should be dismissed pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2020)). Thompson contended that Luczak failed to allege facts showing that he had a right to the requested relief, which is one of the elements necessary to show that a writ of *mandamus* is appropriate.

¶ 15    Luczak responded by filing a petition to "Take Judicial Notice," directing the court's attention to section 504.810 of IDOC's regulations. He described this section and section 3-8-8 of the Corrections Code as "statutory mandates" supporting his right to the requested relief. He also filed a response, arguing that the legislature's intent in enacting section 3-8-8 of the Corrections Code was to create a duty on the defendants to act within the "mandates" of the statute and afford Luczak a fair and effective grievance process. He also countered Thompson's argument that he did not have a constitutional right to enforce grievance procedures by asserting that he was not claiming a violation of a constitutional right; rather, he was seeking to compel Thompson to adhere to statutory requirements.

¶ 16    The circuit court held a hearing in May 2023. In an oral ruling, the court granted Thompson's motion to dismiss.

¶ 17                                    D. Arguments on Appeal

¶ 18    Luczak now appeals, *pro se*, from the circuit court's granting of Thompson's motion to dismiss, and the related denial of his *mandamus* petition. He argues on appeal that he never alleged a constitutional right to an adequate and effective review of his grievances; rather, he claims that this right is found in section 3-8-8 of the Corrections Code and the related IDOC regulation. He adds that the circuit court allegedly refused his request to take judicial notice of section 504.810

of IDOC's regulations. His second argument is that the circuit court failed to make a ruling on the legislative intent of either statute.

¶ 19                                     ANALYSIS

¶ 20                                  A. Mootness

¶ 21    As an initial matter, we consider Thompson's argument that Luczak's appeal is moot because he is no longer an inmate at Centralia. The defendant argues that Luczak's petition concerns acts that occurred at Centralia, involving that facility's grievance procedures, and the party he seeks to compel to act is Centralia's warden.[4] Therefore, Thompson contends, a court order compelling him to review and adhere to the grievance procedures at Centralia cannot grant Luczak any relief. See *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10 ("An appeal is moot if no actual controversy exists or when events have occurred that make it impossible for the reviewing court to render effectual relief.").

¶ 22    In addition to not deciding moot questions, our courts generally do not render advisory opinions or " 'consider issues where the result will not be affected regardless of how those issues are decided.' " *Id.* (quoting *In re Barbara H*., 183 Ill. 2d 482, 491 (1998)). This principle has been applied to reviews of *mandamus* actions. See, *e.g.*, *Nyhammer v. Basta*, 2022 IL 128354, ¶ 34; see also *Jackson v. Peters*, 251 Ill. App. 3d 865, 867 (1993) ("A *mandamus* petition will be dismissed as moot if no actual rights or interests of the parties remain or if events occur that make it impossible for the court to grant effectual relief to either party."). It has also specifically been applied to reviews of cases brought by inmates who have been released or transferred from the facility in which the basis of their claims occurred. See, *e.g.*, *Evans v. Godinez*, 2014 IL App (4th)

---

[4]Thompson notes that he is no longer the warden of Centralia. However, because he was named as a defendant in his official capacity, this action may proceed against his successor. See 735 ILCS 5/2-1008(d) (West 2022); see also *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 1 n.1.

130686, ¶ 32 (released inmate's "injunctive claim would not afford him any relief because he is no longer subjected to DOC's policies or defendants' control"); *Murillo v. Page*, 294 Ill. App. 3d 860, 867 (1998) ("When an inmate is transferred to another prison, a claim for injunctive relief against an official at the first prison is moot unless the inmate demonstrates that he is likely to be transferred back to the former facility."); *People ex rel. Department of Corrections v. Millard*, 335 Ill. App. 3d 1066, 1069 (2003) (hunger-striking inmate appealed court order allowing IDOC to force-feed him; defendant's release rendered the appeal moot).

¶ 23    In the present matter, we agree with Thompson that the circuit court cannot render Luczak any relief by compelling Thompson to provide a fair and effective grievance process. Because he was transferred to a different facility, the grievance procedures at Centralia no longer apply to him. We further agree with Thompson that neither the public interest exception nor the recurrence exception to mootness is applicable here. See *Commonwealth Edison Co.*, 2016 IL 118129, ¶¶ 12-13 (public interest exception is narrowly construed, only invoked on rare occasions where there is an extraordinary degree of public concern, and requires a clear showing that "(1) the question presented is of a public nature; (2) an authoritative determination of the question is desirable for the future guidance of public officers; and (3) the question is likely to recur"); *Holly v. Montes*, 231 Ill. 2d 153, 231 (2008) (recurrence exception applies to a moot controversy where there is a reasonable expectation that the same complainant would be subject to the same challenged action and this action would be of such short duration that it could not be fully litigated before it ceases).

¶ 24    However, we also note that the circuit court did not consider, and Thompson did not raise, the issue of mootness after Luczak was transferred from Centralia to Pinckneyville Correctional Center, which appears to have occurred at some time around June 2022. This was prior to Thompson's filing his motion to dismiss and the court's ruling on that motion. Additionally,

Luczak raised his claims against both Thompson and the ARB; the latter is responsible for reviewing decisions on grievances from all IDOC centers, and Luczak remains incarcerated in Illinois. While the ARB does not appear to have been involved in the proceedings, and is not a party on appeal, we acknowledge the point raised by Thompson that its actions could still affect Luczak's interests. Regardless, for the reasons articulated below, we would affirm the circuit court's decision without a finding of mootness. Therefore, we will continue our review.

¶ 25                                B. Standard of Review

¶ 26    Section 2-619.1 of the Code of Civil Procedure allows for the filing of a combined motion that incorporates sections 2-615 and 2-619 of the same code. 735 ILCS 5/2-619.1 (West 2022). A motion to dismiss under section 2-615 attacks the legal sufficiency of the complaint by alleging defects on its face. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 578 (2006). A motion to dismiss pursuant to section 2-619 admits the legal sufficiency of the complaint, but raises certain affirmative defenses or defects outside of the complaint that defeat the claims. *Id.* at 579. Because Illinois is a fact-pleading jurisdiction, a plaintiff "is required to set forth a legally recognized claim and plead facts in support of each element that bring the claim within the cause of action alleged." *Rodriguez*, 376 Ill. App. 3d at 434 (citing *Beahringer v. Page*, 204 Ill. 2d 363, 369 (2003)). We review the circuit court's granting of a motion to dismiss pursuant to section 2-619.1 *de novo. Solaia Technology*, 221 Ill. 2d at 578; *Hampton v. Chicago Transit Authority*, 2018 IL App (1st) 172074, ¶ 19.

¶ 27    In the present matter, the circuit court made an oral ruling at the hearing on the motion to dismiss, granting the motion without specifying the basis. The order entered on May 18, 2023, states that the "motion to dismiss pursuant to 5/2-619" is granted, seemingly indicating that the court ruled based on Thompson's argument that Luczak did not have a right to enforce a grievance

8

process under either the Code or the Constitution. Regardless of which argument convinced the circuit court, the label assigned to it—whether section 2-615 or 2-619—did not affect the court's ruling. See *Borowiec v. Gateway 2000, Inc.*, 209 Ill. 2d 376, 383 (2004) (court could consider a motion to dismiss brought under section 2-619 that should have been brought pursuant to section 2-619, where the plaintiff was not prejudiced by the improper designation). Furthermore, we may affirm its judgment on any ground supported by the record, even one not relied on by the court. *Tillman v. Pritzker*, 2021 IL 126387, ¶ 24.

¶ 28                                    C. Writ of *Mandamus*

¶ 29    "*Mandamus* is an extraordinary remedy to enforce, as a matter of right, 'the performance of official duties by a public officer where no exercise of discretion on his part is involved.' " *Cordrey v. Prisoner Review Board*, 2014 IL 117155, ¶ 18 (quoting *Lewis E. v. Spagnolo*, 186 Ill. 2d 198, 229 (1999)). In order to show that he is entitled to a writ of *mandamus*, the plaintiff must establish "a clear right to relief, a clear duty of the public official to act, and a clear authority in the public official to comply with the writ." *Id.* (quoting *People ex rel. Madigan v. Snyder*, 208 Ill. 2d 457, 465 (2004)). The plaintiff must "set forth *every* material fact needed to demonstrate" these three elements. (Emphasis in original.) *Rodriguez*, 376 Ill. App. 3d at 432. For *mandamus* relief to be appropriate, there must also be no other adequate remedy available. *Cordrey*, 2014 IL 117155, ¶ 18. Furthermore, *mandamus* "is improper if it substitutes the court's discretion or judgment for that of the official." *Id.*; see also *People ex rel. Madigan v. Kinzer*, 232 Ill. 2d 179, 183-84 (2009).

¶ 30    In the present matter, Luczak argues that the circuit court erred in granting Thompson's motion to dismiss his petition by basing its decision on his lack of a constitutional right to a grievance process. On appeal, he claims that he never argued that his right to a grievance process was based in the Constitution, but rather that it comes from section 3-8-8 of the Corrections Code.

He claims that the court failed to take judicial notice of the statute, and failed to make a ruling on the legislative intent behind this section.

¶ 31    We disagree with Luczak that section 3-8-8 establishes either his right to the relief requested, or a duty on Thompson to take any of the actions he seeks to compel. We also find that the other authority Luczak relies upon, section 504.810 of IDOC's regulations, does not create the aforementioned right or duty. In *Fillmore v. Taylor*, our supreme court held that IDOC regulations covering disciplinary procedures and grievance processes did not create judicially enforceable rights for the plaintiff inmate that would allow him to seek a writ of *mandamus* compelling IDOC officials to comply with those regulations. 2019 IL 122626, ¶ 70.

¶ 32    The plaintiff in *Fillmore* listed alleged violations of various IDOC regulations and Code sections—including regulations from Part 504 of the Illinois Administrative Code and section 3-8-8 of the Unified Code of Corrections, specifically—in his claims against IDOC defendants, and sought a writ of *mandamus* similar to Luczak in the present matter. *Id.* ¶¶ 17-18. In determining that the discipline and grievance IDOC regulations at issue did not create judicially enforceable rights on the plaintiff, our supreme court found that the regulations "create no more rights for inmates than those that are constitutionally required." *Id.* ¶ 49 (agreeing with *Ashley v. Snyder*, 316 Ill. App. 3d 1252, 1255-56 (2000)); see also *Trevino v. Baldwin*, 2020 IL App (4th) 180682, ¶¶ 26-27 (dismissal of inmate's *mandamus* complaint was proper because failure to follow IDOC regulations "does not by itself create an independent right of action").

¶ 33    We find the court's reasoning in *Fillmore* directly applicable to the similar matter before us. As an initial matter, we note that Luczak's argument that he never claimed a violation of a constitutional right, but rather a statutory one, misunderstands Thompson's argument and the relevant law. As we quoted above from *Fillmore*¸ the statutes that Luczak seeks to enforce did not

10

create any additional rights for inmates than those already required by the Constitution. *Fillmore*, 2019 IL 122626, ¶ 49. Thompson's argument, with which the circuit court agreed, was that there was no constitutional right to a grievance process either. Therefore, Luczak failed to identify any legal authority in support of the first required element of a *mandamus* complaint—that he had a right to the requested relief.

¶ 34 Continuing with our review, we find no basis in the record for Luczak's contention that the circuit court refused to take judicial notice of section 504.810 of IDOC's regulations. Luczak's petition is based on the alleged violation of section 3-8-8 of the Corrections Code, and he only brought up section 504.810 in response to Thompson's motion to dismiss. From the record, we have no basis to find that the circuit court did not review all of the relevant filings before rendering its decision, and this includes Luczak's petition for judicial notice. The court also held a hearing on the motion to dismiss, where both parties were afforded the opportunity to present their arguments. It was not necessary for the court to make a specific finding as to whether this regulation granted Luczak any right to enforce the grievance process—as we stated in our discussion of *Fillmore*, our supreme court has already answered this question in the negative.

¶ 35 The only other authority Luczak mentions is an IDOC procedural bulletin concerning a grievance pilot program at a different correctional facility, which he also raised in response to the motion to dismiss. He does not include any argument for how this bulletin establishes his right to relief, and we accordingly decline to find such right.

¶ 36 Based on the foregoing, we find that Luczak has failed to sufficiently plead a claim for *mandamus* because he has not established a clear right to relief.

¶ 37 We also note that Luczak's claim fails because he has not sufficiently pled a clear duty on the part of Thompson to act as per his requested relief. The extraordinary remedy of *mandamus*

11

relief applies to the enforcement of "the performance of official duties by a public officer *where no exercise of discretion on his part is involved*." (Emphasis added and internal quotation marks omitted.) *Cordrey*, 2014 IL 117155, ¶ 18. *Mandamus* relief, therefore, "is not appropriate to regulate a course of official conduct or to enforce the performance of official duties generally." *Hatch v. Szymanski*, 325 Ill. App. 3d 736, 739 (2001).

¶ 38    In his petition, Luczak asks the court to compel Thompson to, in part, take "appropriate action" to bring the grievance system into "substantial compliance" with section 3-8-8 and ensure that he is afforded a fair and effective grievance process. The decisions involved in determining what actions are appropriate and what constitutes substantial compliance are inherently discretionary, as is evident from the language of Luczak's petition. *Mandamus* relief is not appropriate where the petitioner asks the court to substitute its discretion for that of the public official. See *Cordrey*, 2014 IL 117155, ¶ 18. Furthermore, our courts have held that IDOC regulations are designed to provide guidance to prison officials, and not to create additional rights for inmates. See *Ashley*, 316 Ill. App. 3d at 1258 ("Illinois DOC regulations, as well as the Unified Code, were designed to provide guidance to prison officials in the administration of prisons. In addition, Illinois law creates no more *rights* for inmates than those which are constitutionally required." (Emphasis in original.)). We further find that the relief Luczak requests involves decisions that are at Thompson's discretion, and therefore, *mandamus* relief is not appropriate.

¶ 39                                CONCLUSION

¶ 40    For the reasons stated, the circuit court did not err in dismissing the plaintiff-appellant's petition for writ of *mandamus* against the defendants-appellees. The judgment of the circuit court is affirmed.

¶ 41    Affirmed.