**2025 IL 131444**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

---

(Docket No. 131444)

CALLEY FAUSETT, Individually and on Behalf of Others Similarly Situated, Appellee, v. WALGREEN COMPANY, d/b/a Walgreens, Appellant.

*Opinion filed November 20, 2025.*

JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.

Chief Justice Neville and Justices Overstreet, Cunningham, Rochford, and O'Brien concurred in the judgment and opinion.

Justice Theis took no part in the decision.

## OPINION

¶ 1       This interlocutory appeal by defendant, Walgreen Company, doing business as Walgreens (Walgreens), was initiated under Illinois Supreme Court Rule 306(a)(8) (eff. Oct. 1, 2020)), which allows a party to petition for leave to appeal to the appellate court from a circuit court order granting certification of a class action.

Plaintiff, Calley Fausett, individually and on behalf of others similarly situated, brought an action against Walgreens, alleging that it willfully violated section 1681c(g)(1) of the Fair and Accurate Credit Transactions Act of 2003 (FACTA) (15 U.S.C. § 1681c(g)(1) (2018)) by printing more than the last five digits of debit card numbers on receipts provided to consumers. FACTA is part of the Fair Credit Reporting Act (FCRA) (15 U.S.C. § 1681 *et seq.* (2018)) and incorporates FCRA's liability provisions. When plaintiff moved for class certification of her FACTA claim, Walgreens opposed the certification, asserting plaintiff's claim was not actionable, in part, because she lacked standing to bring her sole claim. The circuit court disagreed with Walgreens and granted class certification to a nationwide class. The appellate court affirmed the certification, addressing only the issue of standing and finding plaintiff had standing to bring her FACTA claim. For the following reasons, we reverse the appellate court's affirmation of the circuit court's granting of class certification because plaintiff lacked standing to bring her cause of action.

¶ 2                          I. BACKGROUND

¶ 3        Walgreens operates a chain of drug stores throughout the United States and is headquartered in Lake County, Illinois. In its stores, Walgreens sold prepaid debit cards and provided a means for consumers to load additional funds on the cards. On March 7, 2019, plaintiff entered a Walgreens store in Phoenix, Arizona, and paid Walgreens to let her add money to her Green Dot prepaid debit card. The cashier provided plaintiff with two electronically printed receipts, which disclosed the first 6 and the last 4 digits of plaintiff's 16-digit debit card number. The first six digits of a debit card constitute the bank identification number that provides several items of information, including whether it is a consumer card or commercial card.

¶ 4                    A. Circuit Court Proceedings

¶ 5        On June 4, 2019, plaintiff filed a class-action complaint against Walgreens in Lake County circuit court. Plaintiff later filed an amended complaint, alleging Walgreens willfully violated section 1681c(g) of FACTA (*id.* § 1681c(g)) by issuing receipts with more than the last five digits of plaintiff's "debit card number." Plaintiff alleged that, by printing the first six and the last four digits of

the card number on her receipts, Walgreens caused her to suffer a heightened risk of identity theft, exposed her private information to others who may have handled the receipt, and forced her to take action to prevent further disclosure of the private information displayed on the receipt. Plaintiff further alleged that, due to Walgreens' willful violation of FACTA, she and members of the class "continue to be exposed to an elevated risk of identity theft." Pursuant to section 1681n(a) of FCRA (*id.* § 1681n(a)), plaintiff requested statutory damages, punitive damages, attorney fees, and costs.

¶ 6         Walgreens filed a combined motion to dismiss plaintiff's first amended complaint pursuant to sections 2-615, 2-619, and 2-619.1 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-615, 2-619, 2-619.1 (West 2018)). In its supporting memorandum, Walgreens asserted four reasons why, as a matter of law, plaintiff could not make a claim under FACTA: (1) FACTA does not apply to cash transactions and plaintiff's value-load transaction was made in cash, (2) a prepaid card is neither a credit nor a debit card and therefore does not implicate FACTA, (3) plaintiff failed to establish that Walgreens' alleged violation of FACTA was willful, and (4) plaintiff lacked standing under Illinois law because she failed to allege an actual injury. Attached to the motion were the receipts from plaintiff's fund-load transaction.

¶ 7         In support of its assertion plaintiff lacked standing, Walgreens suggested that Illinois standing principles were similar to federal standing principles and cited federal cases, which found including the bank identification number on a receipt, even with credit and debit cards, did not provide standing under FACTA. See, *e.g.*, *Kamal v. J. Crew Group, Inc.*, 918 F.3d 102, 116 (3d Cir. 2019); *Noble v. Nevada Checker Cab Corp.*, 726 F. App'x. 582, 584 (9th Cir. 2018). It also noted that, under federal law, a plaintiff must suffer a "particularized" and "concrete" injury to have standing, which means the injury must "actually exist" and be "real," "not abstract." (Internal quotation marks omitted.) See *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-40 (2016). Additionally, citing *Maglio v. Advocate Health & Hospitals Corp.*, 2015 IL App (2d) 140782, ¶ 22, Walgreens suggested plaintiff lacks standing under the three-part common-law test. Last, Walgreens took issue with the appellate court's analysis in *Duncan v. FedEx Office & Print Services*, *Inc.*, 2019 IL App (1st)

180857, ¶ 25, which found the plaintiff did have standing to bring her FACTA claim under Illinois law.[1]

¶ 8     Plaintiff filed a response in opposition to Walgreens' motion to dismiss, asserting she did have standing based on the holdings in *Duncan* and *Lee v. Buth-Na-Bodhaige, Inc.*, 2019 IL App (5th) 180033, ¶ 68. Citing *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, plaintiff further argued the violation of plaintiff's FACTA rights alone established her standing. She also contended Illinois law and not federal law controlled standing. Attached to plaintiff's response were declarations by (1) plaintiff with a photograph of her reloadable debit card, (2) Matthew Seckel about reloadable prepaid cards on Walgreens' website, and (3) Don Coker about identity theft from disclosure of the first six numbers of a debit card.

¶ 9     At a November 22, 2019, hearing, the circuit court denied the motion to dismiss. As to standing, the court found it was not bound by the federal court decisions, as the jurisdiction of federal courts is restricted by the United States Constitution and Illinois courts are not bound by that restriction. The court also noted that standing was more liberally granted in the state court.

¶ 10    After the denial of the motion to dismiss, plaintiff filed a motion for class certification under section 2-801 of the Procedure Code (735 ILCS 5/2-801 (West 2018)), which she later amended. Specifically, she sought to certify the following:

> "Class: All persons in the United States who, from June 4, 2017 through February 29, 2020, engaged in one or more reload transactions at a Walgreens location at the time the Walgreens location's system for processing such transactions was programmed to print more than the last five digits of the card number used in the transaction on the customer's receipt.

---

[1]This court later ordered the appellate court to vacate its January 25, 2019, judgment in *Duncan*. *Duncan v. FedEx Office & Print Services*, *Inc.*, No. 124727 (Ill. Nov. 21, 2019) (dismissing the appeal pursuant to settlement between the parties and directing the appellate court to vacate its judgment).

Subclass: All individuals in the Class who engaged in one or more reload transactions during the class period after the date Walgreens appeared in this suit."

Plaintiff noted there were at least 1,596,850 class members and at least 598,893 members in the subclass. She contended that her FACTA claim satisfied numerosity, commonality, adequacy, and appropriateness, as required by section 2-801 for class certification. Plaintiff attached 10 supporting documents to her amended motion, including her own deposition.

¶ 11    Walgreens filed a response in opposition to class certification, asserting plaintiff (1) did not have an actionable claim and (2) could not satisfy three of the four prerequisites of class certification. With its actionable claim argument, Walgreens asked the court to consider the complete record, including deposition transcripts, discovery responses, and legislative history. It asserted plaintiff lacked an actionable claim because (1) the United States Supreme Court held in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), that no-injury plaintiffs, like the one in this case, have no actionable claim for statutory damages under section 1681n(a)(1) of FCRA; (2) plaintiff lacks standing to sue under Illinois law; and (3) Walgreens did not violate FACTA.

¶ 12    As to *TransUnion*, Walgreens argued that the Supreme Court's holding was not limited to federal standing law and noted the Court's decision specified that " '[a] regime where Congress could freely authorize unharmed plaintiffs to sue defendants who violate federal law not only would violate Article III [of the United States Constitution (U.S. Const., art. III)] *but also would infringe on the Executive Branch's Article II authority* [(U.S. Const., art. II)].' " (Emphasis in original.) See *id.* at 429. It further contended that section 1681n(a)(1) of the FCRA implicates article II because only the executive branch may decide when to enforce federal statutes in the absence of concrete harm. Walgreens alleged that congressional authority does not vary with a lawsuit's venue. Accordingly, because plaintiff cannot establish concrete harm and relies on section 1681n(a)(1) to seek statutory damages, she lacks standing to bring her claim in any venue, including Illinois.

¶ 13    Regarding standing under Illinois law, Walgreens asserted plaintiff lacked standing because she suffered no "distinct and palpable" injury. It again asserted *Maglio*, 2015 IL App (2d) 140782, ¶ 24, which found the risk of future harm from

thieves accessing the plaintiffs' personal data was insufficiently distinct and palpable to satisfy standing, was the most analogous case. Walgreens further argued the November 2019 denial of its motion to dismiss did not resolve this issue and noted the changes in case law since that denial.

¶ 14 Walgreens attached 16 supporting documents to its response, including (1) plaintiff's deposition, (2) plaintiff's response to Walgreens' first set of interrogatories, (3) plaintiff's supplemental response to defendant's interrogatories numbered 2 and 8, (4) an expert report and disclosure by Kenneth Jones, and (5) Phillip Philliou's expert report. Plaintiff filed a reply, adding an additional six supporting documents.

¶ 15 On March 1, 2023, the circuit court heard arguments on plaintiff's amended motion for class certification. As to standing, the court read this court's decision in *Rosenbach* to hold that, in Illinois, a violation of one's rights afforded by a statute is itself sufficient for standing. The court also noted the appellate court's *Lee* decision, which it described as a FACTA case "that rejected an objection to standing." Moreover, in addressing Walgreens' argument based on *TransUnion*, the court noted there seemed to be no dispute that plaintiff was a no-injury plaintiff. Ultimately, the court found *TransUnion* inapplicable because it only addressed federal standing and noted Justice Thomas's dissent recognized that the majority opinion did not limit the ability to sue in state court, which will drive litigants to enforce their federal rights in state court.

¶ 16 After addressing the other points of contention, the circuit court granted plaintiff's motion for class certification but modified the proposed class definition to include language indicating the individuals were acting on their own behalf and not for a business.

¶ 17 B. Appellate Court Proceedings

¶ 18 On March 29, 2023, Walgreens timely filed a petition for leave to appeal to the appellate court under Rule 306(a)(8). 2024 IL App (2d) 230105, ¶ 15. On May 18, 2023, the appellate court denied the petition for leave to appeal. *Id.* Walgreens then filed a petition for leave to appeal to this court pursuant to Illinois Supreme Court Rule 315 (eff. Oct. 1, 2021), which we docketed as case number 129783. On

September 27, 2023, we granted Walgreens' petition for leave to appeal and set a briefing schedule. 2024 IL App (2d) 230105, ¶ 15. After all the briefs were filed, this court on its own motion entered a May 17, 2024, order, finding that the petition for leave to appeal was improvidently granted and noting the parties argued the merits of the circuit court's decision and not the appellate court's denial of the Rule 306 petition for leave to appeal. *Id.* Thus, this court vacated its September 27, 2023, order allowing Walgreens' petition for leave to appeal and denied the petition. *Id.* Additionally, we exercised our supervisory authority and directed the appellate court to vacate its May 18, 2023, order denying Walgreens' petition for leave to appeal and to allow the petition. *Id.* The order further provided that the briefs filed in this court would stand as the briefs in the appellate court. *Id.*

¶ 19        In the now appellate court briefs, Walgreens only argued the class certification was erroneous because a valid claim did not exist where plaintiff lacked standing. *Id.* ¶ 49. Thus, the appellate court did not address any other matters advanced by Walgreens as to why plaintiff could not establish a claim under FACTA. *Id.* ¶ 50. Regarding standing, the appellate court found that Walgreens had failed to establish plaintiff lacked standing under the following three-part test: "The claimed injury, whether actual or threatened, must be (1) distinct and palpable, (2) fairly traceable to the defendant's actions, and (3) substantially likely to be prevented or redressed by the grant of the requested relief." *Id.* ¶ 21 (citing *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 492-93 (1988)).

¶ 20        As to the first requirement, the appellate court noted that " '[a] distinct and palpable injury refers to an injury that cannot be characterized as a generalized grievance common to all members of the public.' " *Id.* ¶ 22 (quoting *Illinois Road & Transportation Builders Ass'n v. County of Cook*, 2022 IL 127126, ¶ 17). In this case, plaintiff went to a Walgreens retail store, tendered cash to load funds onto a prepaid card, and was provided receipts showing 10 digits of her 16-digit prepaid card number. *Id.* Thereafter, plaintiff filed suit, alleging that Walgreens willfully violated FACTA by issuing her a receipt with more than the last five digits of her prepaid card number and seeking statutory damages, punitive damages, costs, and attorney fees. *Id.* Thus, the appellate court concluded plaintiff was "[f]ar from asserting a generalized grievance common to all members of the public." *Id.* Regarding the second requirement, the court found the alleged injury was fairly traceable to Walgreens' actions, where plaintiff alleged that Walgreens provided

her receipts that violated FACTA's truncation requirement. *Id.* Last, plaintiff's injury was substantially likely to be prevented or redressed by the grant of the requested relief because plaintiff had alleged a violation of her rights under FACTA and sought the damages the statute provides. *Id.*

¶ 21     In reaching the aforementioned conclusion, the appellate court rejected numerous arguments raised by Walgreens. First, the court disagreed plaintiff lacked standing because her suit involved only a " 'technical violation' of FACTA without alleging an actual injury or adverse effect." *Id.* ¶ 23. Applying the principles of statutory construction to section 1681n(a)(1)(A) of FCRA (15 U.S.C. § 1681n(a)(1)(A)), the appellate court found that the plain and ordinary meaning of the provision's language signified Congress's intent to provide alternative recovery for a willful violation of a statute for (1) actual damages, if any, or (2) statutory damages of not less than $100 and not more than $1,000. 2024 IL App (2d) 230105, ¶ 24. Thus, it concluded that, when a person willfully fails to comply with FACTA's truncation requirement, the FCRA provides a private cause of action for statutory damages and actual damages do not need to be pleaded or proved. *Id.*

¶ 22     The appellate court also dismissed Walgreens' point that every United States court of appeals to address the issue had concluded that the disclosure of the first six digits of a credit or debit card did not cause an injury in fact to the cardholder. *Id.* ¶¶ 27-31. The appellate court noted that, in *Greer*, 122 Ill. 2d at 487-94, this court expressly declined to follow federal standing law. 2024 IL App (2d) 230105, ¶¶ 29-30. It also pointed out that, while federal courts are of limited jurisdiction and standing is jurisdictional, Illinois courts have general jurisdiction and standing is an affirmative defense. *Id.* ¶ 31. Similarly, the appellate court rejected all claims that a finding of standing would make Illinois an outlier from the federal courts and the courts of other states regarding the constitutional-standing doctrine and the interpretation and application of FACTA. *Id.* ¶¶ 39-43. It noted that the fact state courts may have the authority to hear federal statutory claims while the federal courts do not is "a notable quirk of the United States federalist system." (Internal quotation marks omitted.) *Id.* ¶ 44.

¶ 23     Despite Walgreens' contentions that this court's *Rosenbach* decision had no application to this case, the appellate court concluded the rationale for our holding in that case was applicable here. *Id.* ¶ 36. It noted both statutes provide for a right

of action based on a violation of an individual's statutory rights even when the individual does not suffer actual harm or an adverse effect. *Id.* Likewise, the appellate court found our statements in *Rosenbach* about the preventative and deterrent purposes of the Biometric Privacy Information Act (Privacy Act) (740 ILCS 14/1 *et seq.* (West 2016)) and the cost of complying with the law versus the harm that can result in the absence of compliance were applicable to plaintiff's FACTA claim. 2024 IL App (2d) 230105, ¶ 37. The appellate court found requiring individuals to have sustained some compensable injury beyond a violation of their statutory rights before seeking recourse "would be completely antithetical to FACTA's preventative and deterrent purposes." *Id.*

¶ 24 Moreover, the appellate court distinguished *Maglio*, upon which Walgreens relied in asserting that a baseless allegation of increased risk of harm was insufficient to establish an injury in fact and confer standing. *Id.* ¶ 38. It found the *Maglio* decision did not involve a FACTA claim and the statutes at issue there did not provide a private cause of action. *Id.*

¶ 25 Last, the appellate court addressed Walgreens' two constitutional arguments. *Id.* ¶¶ 45-48. Based on *TransUnion*, Walgreens had suggested the circuit court having standing to hear plaintiff's FACTA claim violated article II of the United States Constitution (U.S. Const., art. II). 2024 IL App (2d) 230105, ¶ 47. The appellate court rejected the argument, finding the holding in *TransUnion* was rooted in article III (U.S. Const., art. III) not article II. 2024 IL App (2d) 230105, ¶ 47. As to Walgreens' due process argument, the court concluded it was premature. *Id.* ¶ 48.

¶ 26 Having rejected Walgreens' sole basis on appeal for asserting plaintiff lacked a valid claim, the appellate court found the circuit court's decision to grant plaintiff's motion for class certification was not an abuse of discretion or the application of impermissible legal criteria. *Id.* ¶ 49. Justice McLaren dissented, contending the court should have considered standing as a certified question under Illinois Supreme Court Rule 308 (eff. Oct. 1, 2019), answered the question in the affirmative, and remanded the case for further proceedings without affirming the certification of the class. 2024 IL App (2d) 230105, ¶ 63 (McLaren, J., dissenting). He suggested the record was insufficient to fully determine the class certification beyond the standing issue. *Id.*

¶ 27　　On March 26, 2025, this court granted Walgreens' subsequent petition for leave to appeal pursuant to Illinois Supreme Court Rule 315(a) (eff. Dec. 7, 2023).

¶ 28　　　　　　　　　　　　　II. ANALYSIS

¶ 29　　　　　　　　　　　　A. Class Certification

¶ 30　　As previously noted, this appeal comes to us on appeal from an order at the class-certification stage. Section 2-801 of the Procedure Code provides that an action may proceed as a class action only if the circuit court finds the following:

> "(1) The class is so numerous that joinder of all members is impracticable.
>
> (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
>
> (3) The representative parties will fairly and adequately protect the interest of the class.
>
> (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801 (West 2018).

"The party seeking certification bears the burden of demonstrating that it is appropriate." *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45, 72 (2007). This court has held that decisions regarding class certification lie within the circuit court's discretion and will not be disturbed on appeal unless the court abused its discretion or applied impermissible legal criteria. *Smith v. Illinois Central R.R. Co.*, 223 Ill. 2d 441, 447 (2006).

¶ 31　　In *Barbara's Sales, Inc.*, 227 Ill. 2d at 72, this court noted that we did not need to determine whether the plaintiffs satisfied the aforementioned class requirements because, as a threshold matter, the representation identified by the plaintiffs did not form the basis of an actionable claim under the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 2002)). There, the class members' uniform representation was not actionable under the Consumer Fraud Act, and thus we overturned the circuit court's decision granting class certification. *Barbara's Sales, Inc.*, 227 Ill. 2d at 72. Likewise, "if a purported representative plaintiff for a class action cannot maintain his individual

- 10 -

claim against the defendant because of lack of standing or otherwise, then the class action claim cannot be maintained." *Griffith v. Wilmette Harbor Ass'n*, 378 Ill. App. 3d 173, 184 (2007). Thus, Walgreens' assertion that plaintiff lacks standing to bring her FACTA claim is properly before this court at the class-certification stage.

¶ 32                                                          B. Standing

¶ 33       "Standing is a question of law that we review *de novo*." *Davis v. Yenchko*, 2024 IL 129751, ¶ 16. FACTA is a federal statute, and plaintiff accuses Walgreens of applying federal standing law and not Illinois law. As the appellate court noted, "Illinois standing law is not in lock step with federal standing law." 2024 IL App (2d) 230105, ¶ 30. Thus, we begin by examining the law applicable to standing in Illinois courts.

¶ 34                                        1. *Federal Versus State Standing Law*

¶ 35       In *Greer*, 122 Ill. 2d at 470, this court was tasked with addressing several issues stemming from a suit by the appellees, people who owned property near a proposed apartment project for " 'very low-income' tenants" in Chicago. When one of the appellants, the Illinois Housing Development Authority (Authority), approved assisted mortgage financing for the project, the appellees asserted that the approval violated the Authority's alleged duty to avoid undue economic homogeneity in the projects it finances. *Id.* The appellees' claims depended upon the interpretation of the Illinois Housing Development Act (Ill. Rev. Stat. 1985, ch. 67½, ¶ 301 *et seq.*) and pertinent federal legislation. *Greer*, 122 Ill. 2d at 471-72. The Authority argued that (1) the appellees lacked standing to challenge its funding of the development and its approval of the tenant-selection plan and (2) the proper test for determining standing was the two-part test set forth in the United States Supreme Court's opinion in *Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 155-56 (1970). *Greer*, 122 Ill. 2d at 487. That test included the "zone of interest" requirement in addition to an injury. *Id.* at 487-88. In our detailed review of the law of standing, we emphasized that we were not required to follow the federal law on standing. *Id.* at 491. As such, this court declined to adopt the federal zone-of-interests test. *Id.*

¶ 36 More than two decades later, this court had another opportunity to address the applicability of federal standing law. In *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 223 (2010), this court examined the constitutionality of section 2-1706.5 of the Procedure Code (735 ILCS 5/2-1706.5 (West 2008)), which set certain caps on noneconomic damages in medical malpractice cases. There, the majority chose to address the dissent's view that this court lacked subject-matter jurisdiction of the constitutional challenge based on the plaintiffs' lack of standing to raise the challenge. *Lebron*, 237 Ill. 2d at 252. In a footnote, we explained that the dissent's conclusion that standing was a jurisdictional concern that had to be addressed, even if the parties had not done so, was a proper consideration if the case was in federal court. *Id.* at 254 n.4. This court declared that it was not required to follow federal law on issues of standing and had, in fact, expressly rejected federal principles of standing. *Id.* As an example, this court noted that, in Illinois, a lack of standing is an affirmative defense, while in federal courts a lack of article III standing bars jurisdiction. *Id.*

¶ 37 Accordingly, we continue to emphasize Illinois standing law applies, even with a federal statute.

¶ 38                              2. *Common-Law Versus Statutory Standing*

¶ 39 Under Illinois law,

> "[t]here is common-law standing, which requires an injury in fact to a legally recognized interest (*In re Estate of Burgeson*, 125 Ill. 2d 477, 486 (1988)), and there is statutory standing, which requires the fulfillment of statutory conditions to sue for legislatively created relief. *Wilson v. Tromly*, 404 Ill. 307, 310 (1949)." *People v. Johnson*, 2021 IL 125738, ¶ 31.

> With common-law standing, this court has often stated that " 'the claimed injury, whether "actual or threatened" [citation], must be: (1) "distinct and palpable" [citation]; (2) "fairly traceable" to the defendant's actions [citation]; and (3) substantially likely to be prevented or redressed by the grant of the requested relief [citations].' " *Petta v. Christie Business Holdings Co., P.C.*, 2025 IL 130337, ¶ 18 (quoting *Greer*, 122 Ill. 2d at 492-93). With statutory standing, the legislature created the right of action and determined " 'who shall sue, and the conditions under

which the suit may be brought.' " *Johnson*, 2021 IL 125738, ¶ 31 (quoting *Wilson v. Tromly*, 404 Ill. 307, 310 (1949)); see *McFadden v. St. Paul Coal Co.*, 263 Ill. 441, 444-45 (1914).

¶ 40    Before this court, the parties fail to expressly state what type of standing is implicated in this appeal. With its arguments, Walgreens implies common-law standing should apply. Plaintiff seems to suggest statutory standing but contends her claim also satisfies common-law standing. After examining the plain and unambiguous language of the relevant provisions of FCRA, we find plaintiff's claim invokes common-law standing because FCRA's liability provisions that allow for the enforcement of FACTA fail to include standing language. In other words, Congress did not expressly define the parties who have the right to sue for the statutory damages established in FCRA. As such, FCRA is distinguishable from the act in *Rosenbach*.

¶ 41    In *Rosenbach*, 2019 IL 123186, ¶ 38, this court interpreted the term "aggrieved" in section 20 of the Privacy Act (740 ILCS 14/20 (West 2016)). With the Privacy Act, section 15 (*id.* § 15) imposed on private entities various obligations regarding the collection, retention, disclosure, and destruction of biometric identifiers and biometric information. *Rosenbach*, 2019 IL 123186, ¶ 20. The provisions of section 15 were enforceable through private rights of action set forth in section 20 (740 ILCS 14/20 (West 2016)). *Rosenbach*, 2019 IL 123186, ¶ 21. Section 20 stated that " '*[a]ny person aggrieved by a violation of this Act shall have a right of action* in a State circuit court or as a supplemental claim in federal district court against an offending party.' " (Emphasis added.) *Id.* (quoting 740 ILCS 14/20 (West 2016)). It further provided the following:

" '[a] prevailing party may recover for each violation:

(1) against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater;

(2) against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater;

- 13 -

> (3) reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses; and

> (4) other relief, including an injunction, as the State or federal court may deem appropriate.' " *Id.* (quoting 740 ILCS 14/20 (West 2016)).

¶ 42    Another statutory standing case that plaintiff cites is *In re Estate of Schlenker*, 209 Ill. 2d 456 (2004). There, this court held that, under the plain and unambiguous language of the Probate Act of 1975 (Probate Act) (755 ILCS 5/1-1 *et seq.* (West 2002)), one's status as an heir is sufficient, in itself, to confer standing to contest a will's validity. *Schlenker*, 209 Ill. 2d at 464. Section 8-1 of the Probate Act stated, in pertinent part, the following:

> "Within 6 months after the admission to probate of a domestic will in accordance with the provisions of Section 6-4, or of a foreign will in accordance with the provisions of Article VII, *any interested person may file a petition* in the proceeding for the administration of the testator's estate or, if no proceeding is pending, in the court in which the will was admitted to probate, to contest the validity of the will." (Emphasis added.) 755 ILCS 5/8-1 (West 2002).

Section 1-2.11 of the Probate Act (*id.* § 1-2.11) defined "interested person" and included "heir" in that definition.

¶ 43    Here, section 1681c(g)(1) of FACTA (15 U.S.C. § 1681c(g)(1)) imposes requirements on a person that accepts credit cards or debit cards for the transaction of business. Section 1681n(a) of FCRA (*id.* § 1681n(a)) provides civil liability for a willful violation of FACTA. It states:

> "Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—

> (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

> (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose,

actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court." *Id.*

Moreover, section 1681p of FCRA states the following:

"An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—

(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

(2) 5 years after the date on which the violation that is the basis for such liability occurs." *Id.* § 1681p.

¶ 44　　Unlike section 20 of the Privacy Act and section 8-1 of the Probate Act, the plain and unambiguous language of sections 1681n(a) and 1681p does not state the consumer or an aggrieved person may file the cause of action. Both sections are silent as to who may bring the cause of action for damages. Contrary to plaintiff's contention, Congress did not expressly empower her to sue to enforce her FACTA rights. As such, plaintiff's FACTA claim does not implicate statutory standing principles, and thus common-law standing applies to plaintiff's suit.

¶ 45　　　　　　　　　　　　　　　3. *This Case*

¶ 46　　Having determined plaintiff's claim involves common-law standing, we next consider whether Walgreens has shown plaintiff lacked standing. See *Lebron*, 237 Ill. 2d at 252 (providing that, "[u]nder Illinois law, lack of standing is an affirmative defense, which is the defendant's burden to plead and prove"). Walgreens cites *Petta*, 2025 IL 130337, our recent opinion addressing common-law standing. There, in addressing Illinois law on standing, we set forth the three-part test and

then stated that "[t]he injury alleged by the plaintiff must be concrete; a plaintiff alleging only a purely speculative future injury or where there is no immediate danger of sustaining a direct injury lacks a sufficient interest to have standing." (Internal quotation marks omitted.) *Id.* ¶ 18. Given this court has found common-law standing is at issue in this appeal, we need not determine whether a concrete injury is also required with statutory standing.

¶ 47    As to the facts of *Petta*, the plaintiff had filed a class-action complaint against the defendant, a medical clinic, alleging that the defendant negligently failed to prevent its patients' private personal data, including Social Security numbers and health insurance information, from being "exposed" to an unknown third party. *Id.* ¶ 1. The circuit court dismissed the complaint based on the plaintiff's failure to state a claim, and the plaintiff appealed. *Id.* ¶¶ 13-14. On appeal, the appellate court affirmed the circuit court's dismissal, finding the plaintiff lacked standing. *Id.* ¶ 14. This court also found the plaintiff lacked standing. *Id.* ¶ 19. We explained the principal factual basis of the plaintiff's complaint was a letter that she received from the medical clinic notifying her of the " 'data incident.' " *Id.* ¶ 20. That letter only indicated the private personal data may have been exposed to a third party and did not state that this data was actually acquired by a third party. *Id.* In fact, the letter stated the medical clinic's investigation revealed that the third party was attempting to intercept a financial transaction, not steal patients' private personal information. *Id.* Thus, when viewing the letter in the light most favorable to the plaintiff, the primary factual allegation of the complaint was that the plaintiff and the other members of the putative class faced only an increased risk that their private, personal data was accessed by an unauthorized third party. *Id.* ¶ 21. This court found that, with a complaint seeking monetary damages, such an allegation of an increased risk of harm was insufficient to confer standing. *Id.*

¶ 48    As Walgreens notes, the circuit court stated it seemed undisputed plaintiff was a no-injury plaintiff. In her deposition, plaintiff testified that, since March 2019, she had not been a victim of any identity theft. In her supplemental response to Walgreens' request to state all actual damages, to which she did raise a vagueness objection to the term "actual damages," plaintiff stated she was not presently aware of any harm to her credit or identity. She did point out other harms, "such as exposure to a heightened risk of identity theft, breach of confidence, and deprivation of her FACTA rights." Moreover, beyond the cashier, herself, and her

attorneys, plaintiff could not identify anyone else who may have seen her receipts. With the Walgreens receipt at issue, plaintiff stated in her response to interrogatories that she took that receipt home, placed it in a "ziplock bag," and placed the bag in a filing cabinet folder. Additionally, plaintiff acknowledged in her first amended complaint that the first six numbers printed on the receipt from Walgreens disclosed the bank identification number. In response to class certification, Walgreens presented an expert report explaining the bank identification number did not represent any personal identifiers related to plaintiff and thus could not provide a way of stealing plaintiff's identity.

¶ 49 Moreover, in her first amended class-action complaint, plaintiff alleged Walgreens' conduct violated her FACTA rights and caused her "to suffer a heightened risk of identity theft, exposed Plaintiff's private information to others who may have handled the receipt, and forced Plaintiff to take action [to] prevent further disclosure of the private information displayed on the receipt." Beyond noting the aforementioned allegations and that FACTA was designed to protect those harms, plaintiff does not sufficiently argue to this court she sustained harm. As such, she does not explain in her brief what actions she took to prevent further disclosure of the private information displayed on the receipt.

¶ 50 After discovery at the class certification stage, plaintiff, at best, has shown an increased risk of identity theft. As noted, we recently held that an increased risk of harm is a purely speculative future injury, which is insufficient to confer standing with a complaint for money damages. See *id.* Thus, we agree with Walgreens that it has shown plaintiff has not alleged a concrete injury, and thus plaintiff lacks standing to bring her FACTA claim.

¶ 51 Given plaintiff lacks standing, she cannot maintain her individual claim against Walgreens, and thus the circuit court's granting of class certification was an abuse of discretion, and reversal is warranted. As such, we need not address Walgreens' other arguments challenging class certification.

¶ 52 Moreover, in addition to reversal of class certification, Walgreens requested that, if plaintiff lacked standing, this court should direct the circuit court to dismiss her case for lack of standing. Plaintiff did not respond to that argument, but she did note in her brief that this case was still at the discovery phase. In *Petta*, we affirmed the dismissal of the complaint under section 2-619(a)(9) of the Procedure Code

(735 ILCS 5/2-619(a)(9) (West 2022)) based on lack of standing. *Petta*, 2025 IL 130337, ¶¶ 12, 25. Here, the parties had some discovery, and plaintiff has not raised a concrete harm. Thus, we agree with Walgreens that the circuit court should dismiss plaintiff's first amended complaint on remand.

¶ 53                                   III. CONCLUSION

¶ 54    For the foregoing reasons, we hold plaintiff lacked standing to bring her FACTA violation claim and thus the granting of class certification was erroneous. Additionally, given the fact plaintiff lacks an actionable claim, her first amended complaint should be dismissed. Therefore, we reverse the judgments of both the appellate and circuit courts and remand the cause to the circuit court for it to dismiss the cause for lack of standing.

¶ 55    Judgments reversed.

¶ 56    Cause remanded with directions.

¶ 57    JUSTICE THEIS took no part in the consideration or decision of this case.